United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2005**

Charles R. Fulbruge III
Clerk

REVISED APRIL 14, 2005
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20537
_____

CAROLYN LACY,

                                           Plaintiff-Appellant,

versus

FULBRIGHT & JAWORSKI, Limited
Liability Partnership Long Term
Disability Plan; UNUM LIFE INSURANCE
COMPANY OF AMERICA,

                                           Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-387)
--------------------

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:

     Plaintiff-Appellant Carolyn Lacy appeals the district court's

summary judgment dismissal of her lawsuit for Long Term Disability

("LTD") benefits under an ERISA Plan ("the Plan") sponsored by her

former employer, Fulbright & Jaworski, LLP ("the law firm") and

insured by Defendant-Appellee Unum Life Insurance Company of

America ("Unum").  The district court dismissed Lacy's suit for her

failure to exhaust administrative review rights following denial of

benefits, specifically, her untimely filing of an appeal after Unum denied her LTD benefits.  We affirm.

## I. FACTS AND PROCEEDINGS

Lacy's coverage under the Plan went into effect on February 8, 2000, one year after she started to work for the law firm.  On the effective date of her coverage, Lacy was already under a physician's care for congestive heart failure ("CHF"), as treatment for which her physician had prescribed Coumadin, initially in January 2000 and again in April that year.  In December 2000, Lacy suffered a cerebra-vascular accident ("CVA").  In June 2001 she timely filed a claim for LTD benefits under the Plan and Unum's policy.  After Unum reviewed her medical records, it concluded that Lacy's disability was caused, at least in part, by the Coumadin that she had been taking for her pre-existing CHF.  Unum wrote to Lacy on November 26, 2001, denying LTD benefits ("the denial notice").

It is uncontested that Lacy did not seek administrative review of Unum's denial of her claim until July 9, 2003, approximately twenty months after receiving the denial notice.  When she finally sought review, Unum rejected it as untimely, and this litigation ensued.  Unum filed a motion for summary judgment seeking dismissal of Lacy's action for failure to exhaust administrative remedies, i.e., failure to file a timely appeal to the plan administrator following Unum's initial denial of benefits.  In opposing Unum's summary judgment, Lacy contended that the denial notice was

2

inadequate under ERISA, excusing her failure to exhaust her administrative remedies. Specifically, Lacy argued that the denial notice was legally insufficient to start the running of the period within which she could file an appeal, thereby making her 2003 appeal timely. Lacy sought to have the district court remand this matter and direct the plan administrator to consider her appeal from denial of benefits. The district court held that the denial notice was sufficient as a matter of law, granted Unum's motion for summary judgment, and dismissed Lacy's action. She timely filed a notice of appeal.

## II. ANALYSIS

### A.   Issue on Appeal

The sole issue presented is whether the denial notice, which Lacy admittedly received, was deficient as a matter of law and thus ineffective to trigger the running of the administrative appeal period.

### B.   Standard of Review

When, as here, there are concededly no genuinely disputed issues of material fact, the parties have filed opposing motions for summary judgment, and one such motion has been granted on the basis of a purely legal determination, our review is de novo.[1]

### C.   Sufficiency of Denial Notice

---

[1] Fierros v. Tex. Dep't of Health, 274 F.3d 187, 190 (5th Cir. 2001).

A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits.[2]  At least implicitly conceding that, if the denial notice was effective, her purported appeal was untimely, Lacy insists that Unum's denial notice was legally inadequate.  As a result, she argues, her appeal period never began to run.

When a claim for benefits is denied, the claimant must be furnished a written notice that sets forth particular information in a manner that the claimant can understand.  Section 1133 of ERISA specifies:

> In accordance with regulations of the Secretary, every employee benefit plan shall ——
>> **(1)** provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>> **(2)** afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.[3]

A Department of Labor ("DOL") regulation adds a gloss on § 1133(1)'s notice requirement:

> (f)  <u>Content of notice</u>.  A plan administrator or, if (c) of this section is applicable, the insurance company, insurance service, or other similar organization, shall provide to every claimant who is denied a claim for

---

[2] <u>Hager v. NationsBank N.A.</u>, 167 F.3d 245, 247 (5th Cir. 1999).

[3] 29 U.S.C. § 1133.

4

> benefits written notice setting forth in a manner calculated to be understood by the claimant:
>> (1) The specific reason or reasons for the denial;
>> (2) Specific reference to pertinent plan provisions on which the denial is based;
>> (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
>> (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.[4]

Lacy asserts that the content of Unum's denial notice was deficient under § 1133 of ERISA and the DOL Reg quoted above. Our careful study of the denial notice in the context of the statute and the regulation satisfies us that even if the denial notice were held to fall short of <u>strict</u> compliance with those requirements, it is indisputably in <u>substantial</u> compliance.

We have not previously addressed whether, for purposes of triggering an ERISA appeal period, an initial denial notice that is in <u>substantial</u> compliance with the statute and the regulation will suffice. At least seven other federal appeals courts have addressed this question, however, and each has held that substantial rather than strict compliance with ERISA § 1133 and DOL Regulation § 2560.503-1(f) is all that the law requires.[5] We join

---

[4] 29 C.F.R. § 2560.503-1(f). This regulation has since been amended. As the amended version applies to claims filed on or after January 1, 2002, the previous version applies to Lacy's claim. <u>See</u> 65 Fed. Reg. 70,246 (Nov. 21, 2000) (revising 29 C.F.R. § 2560.503-1).

[5] <u>See</u> <u>Burke v. Kodak Ret. Income Plan</u>, 336 F.3d 103, 108 (2d Cir. 2003); <u>White v. Aetna Life Ins. Co.</u>, 210 F.3d 412, 414 (D.C.

those courts today and hold that the substantially compliant denial notice sent to Lacy by Unum triggered the running of her administrative appeal period.

D.   Attorneys' Fees

In a short paragraph at the conclusion of its brief, Unum requests an award of attorneys' fees.  Unum did not, however, cross appeal the district court's refusal to grant its request for attorneys' fees; rather, it now asks us to do so on grounds of a frivolous appeal.  We deny this request as wholly lacking in merit.

### III. CONCLUSION

Albeit arguably less than perfect, Unum's denial notice, whether read as a whole or parsed as to each particular provision, is in substantial compliance with the applicable requirements of ERISA and the DOL's Regulation.  It was thus sufficient for the purpose of commencing the running of the period within which Lacy could have submitted an appeal to the plan administrator.  This is particularly evident when it is recognized that the November 26, 2001 letter was an initial denial of benefits and not a denial of

---

Cir. 2000); Counts v. Am. Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997); Kinkead v. SW Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 69 (8th Cir. 1997); Kent v. United of Omaha Life Ins. Co., 96 F.3d 803, 807-08 (6th Cir. 1996); Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 127 (4th Cir 1994); Halpin v. W.W. Grainger, Inc., 962 F.2d 685, 690 (7th Cir. 1992).  "Courts make the substantial compliance determination on a case by case basis, assessing the information provided by the insurer in the context of the beneficiary's claim."  White, 210 F.3d at 414 (citing cases from the Eighth and Seventh Circuits).

a full and fair hearing on review.[6]  As the undisputed facts confirm that Lacy's appeal was proffered to Unum many months after the expiration of the appeal period that we today hold was triggered by the denial notice, she has failed to exhaust her administrative review remedies.  Accordingly, we affirm the district court's grant of Unum's motion for summary judgment dismissing Lacy's action.  We also deny Unum's request for attorneys' fees on appeal.

AFFIRMED; ATTORNEYS' FEES DENIED.

---

[6] See Kinkead, 111 F.3d at 69 (holding that, when the appeal process is adequately described, the initial claim denial "need not be extensive" to trigger the appeal process, "provided that it explains the basis for the adverse initial decision sufficiently to permit the claimant to prepare an informed request for further review").