**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 21, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 06-30956
Summary Calendar

RAYMOND HOLMES,

Plaintiff - Appellant,

versus

PROCTOR AND GAMBLE DISABILITY BENEFIT PLAN,

Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:05-CV-1227)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Raymond Holmes appeals the summary judgment awarded against his challenge to the termination of his disability benefits by the Proctor and Gamble Disability Benefit Plan.

In March 2002, Holmes sustained serious back injuries, due to an accident unrelated to his employment at the Folgers Coffee Company, a subsidiary of Protector and Gamble. It maintains a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability benefit plan for its employees; and, after a physician found him to be completely disabled, Holmes applied for benefits under the Plan. It began paying Holmes disability benefits.

In January 2004, however, the Plan stopped paying such benefits because Holmes had failed to provide the Plan administrators with an updated disability status report, certifying his continued disability, as required under the Plan. (Holmes claims he did so only because a health-services employee at Folgers told him he could discontinue such reports until after he underwent a physical examination by a Plan-selected physician.)

The Plan notified Holmes of its decision in a March 2004 letter. It also stated: Holmes had a right to appeal the denial of benefits; the appeal had to take place within 180 days of the March 2004 letter; and Holmes could submit supporting documents.

In April 2004, Holmes' attorney notified Folgers of Holmes' "inten[t] to pursue an appeal of the decision of the [review board]" and, to that end, asked for a copy of Holmes' personnel file so "[Holmes] may properly prepare his appeal". In response, in May 2004, an attorney for the Plan sent a letter to Holmes' attorney, stating: the Plan was a separate legal entity from Folgers and all communications regarding the Plan should be addressed to the trustees of the Plan; and Holmes would have to follow the Plan's appeal procedures if he wished to challenge the denial of benefits.

In March 2005, over a year after Holmes was denied disability benefits, a new attorney for Holmes contacted both an attorney for the Plan and a Plan manager, asking for an extension of the 180-day appeal period. Both individuals stated they did *not* have the power to authorize such a request and asked Holmes' attorney to contact the Plan's trustees. Holmes did *not* contact the Plan again.

Instead, in April 2005, Holmes filed this action in district court, claiming, *inter alia*, the Plan acted arbitrarily and capriciously in terminating his benefits. *See* 29 U.S.C. § 1132(a)(1)(B) (authorizing ERISA plan participants to maintain civil actions to recover benefits from an ERISA plan). The Plan moved: to dismiss; and, in the alternative, for summary judgement.

In August 2006, the district court awarded summary judgment against Holmes. It held: Holmes' April 2004 letter could *not* be considered an appeal of the Plan's decision; and, therefore, Holmes failed to exhaust administrative remedies under the Plan.

A summary judgment is reviewed *de novo*. **Tango Transp. v. Healthcare Fin. Servs. LLC,** 322 F.3d 888, 890 (5th Cir. 2003). Such judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." **Dean v. City of Shreveport**, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists if the evidence is such that

3

no reasonable juror could find for the nonmovant. *Wheeler v. BL Dev. Corp.,* 415 F.3d 399, 402 (5th Cir.), *cert. denied*, 126 S. Ct. 798 (2005).

In challenging the summary judgment, Holmes contends: he *substantially complied* with the Plan's appeal procedures; and the Plan arbitrarily and capriciously terminated his benefits. He seeks to have the Plan consider his appeal.

"[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before brining suit to recover benefits". *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.,* 215 F.3d 475, 479 (5th Cir. 2000) (citing *Denton v. First Nat'l Bank of Waco,* 765 F.2d 1295, 1300 (5th Cir. 1985)). The exception to this requirement is limited, arising only when resorting to administrative remedies is futile or the remedy inadequate. *See, e.g., Cooperative Ben. Adm'rs, Inc. v. Ogden,* 367 F.3d 323, 363, n. 61 (5th Cir. 2004).

Under the Plan, Holmes was required to submit a request for an appeal in writing within 180 days of the March 2004 denial-of-benefits letter. Holmes claims he *did* appeal the Plan's decision through his April 2004 letter; as noted, he maintains it *substantially complied* with the Plan's appeal procedures. *See, e.g., Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256-57 (5th Cir. 2005) (holding strict compliance with claims regulations and procedures is *not* always essential).

4

As the district court correctly noted, however, Holmes' April 2004 letter did *not* substantially comply with the Plan's appeal procedures. In the letter, Holmes stated only his *intent* to appeal the Plan's decision at some time in the future. Indeed, in the letter, Holmes' attorney requested Holmes' personnel file in order to prepare an appeal.

Subsequent to Holmes' April 2004 letter, the Plan contacted Holmes' attorney; gave clear indication that his April 2004 letter was *not* an appeal; and stated that, if he desired to challenge the Plan's decision, he had to follow Plan procedures. Furthermore, in March 2005, Holmes' attorney contacted Plan administrators to ask for an extension to the 180-day appeal deadline, belying Holmes' claims that he intended the April 2004 letter to be an appeal of the Plan's decision.

Holmes' inaction, in not properly appealing the Plan's decision within the 180-day window, was not a harmless, technical error under which substantial-compliance relief may sometimes be granted. *See, e.g., **Davis v. Combes,*** 294 F.3d 931, 942 (7th Cir. 2002) (holding plan participant substantially complied with plan procedures, despite participant's failure to sign and date form because participant's intent was clear and form was later accepted by plan administrator). Holmes' now claimed intent that the April 2004 letter be considered an appeal was *not* evident, particularly in the light of the Plan's follow up letter, dated May 2004,

5

telling Holmes that if he still wished to appeal, he had to follow Plan procedure.

Holmes did *not* comply with the Plan's procedures in appealing its decision and therefore did *not* exhaust his administrative remedies. His failure to do so was fatal; the Plan's 180-day deadline has passed and his appeal of its decision is now time barred. Therefore, summary judgment was properly awarded against Holmes for failure to exhaust administrative remedies. *See **Gayle v. United Parcel Service,*** 401 F.3d 222, 230-31 (4th Cir. 2005) (holding where Plan review of benefits is time barred, dismissal with prejudice is appropriate).

**AFFIRMED**