United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 06-41569
Summary Calendar

———————

ALLYSON A DYE,

Plaintiff-Appellant,

v.

ASSOCIATES FIRST CAPITAL CORPORATION LONG-TERM DISABILITY
PLAN 504; ASSOCIATES FIRST CAPITAL CORPORATION CAFETERIA
PLAN 502,

Defendants-Appellees.

———————

Appeal from the United States District Court for the
Eastern District of Texas, Marshall
2:03-CV-289

———————

Before DAVIS, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Allyson Dye challenges the termination of her short term
disability benefits and the denial of long term disability
benefits. The district court held that her claims were barred by
the Plan's limitations period. We AFFIRM.

Dye was a project manager at Associates First Capital

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Corporation ("Associates") when she underwent surgery to replace her right knee in June, 2000. She applied for and received approval for short term disability benefits under the Associates First Capital Corporation Cafeteria Plan 502 ("Plan 502"), which ran from June 30, 2000, to September 25, 2000. On October 9, 2000, the plan's third-party administrator, Kemper National Services, Inc. ("Kemper"), sent Dye a letter terminating her benefits after exhausting only 12 of the 26 weeks of short term disability coverage available. Dye subsequently applied for long term disability benefits, but her claim was denied by letter dated March 28, 2001, on account of her failure to fully exhaust the short-term benefits. On April 11, 2001, Kemper's Appeal Review Committee affirmed the denial of her short term benefits.

Approximately two years after the Appeal Review Committee upheld the denial of benefits, Dye, through counsel, unsuccessfully sought information concerning her claim, including the administrative record, from Kemper. In August, 2003, she filed suit seeking to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). The district court dismissed this case as untimely given the contractual limitations period of 120 days. Dye appeals. The validity of the contractual limitations period is a question of law which we review *de novo*. *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 333 (5th Cir. 2005).

ERISA does not provide a statute of limitations for denial of benefits lawsuits. In the absence of such a statute, courts apply the most analogous state statute of limitations. *Id*. at 337; *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1996). In Texas, the most analogous state statute of limitations is the four year limitation governing suits on contracts. Tex. Civ. Prac. & Rem. Code § 16.004(a). "Where a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs." *Harris*, 426 F.3d at 337. Because the Plan in this case provides that "no legal action may be commenced against an ERISA covered plan more than 120 days after . . . receipt of the decision on appeal," the question is whether that shorter period is reasonable.

In approving the use of a "reasonable, shorter time period," we cited two decisions from sister circuits which enforced shorter time periods. *See Northlake Regional Medical Center v. Waffle House*, 160 F.3d 1301, 1303 (11th Cir. 1998) (enforcing as reasonable a 90-day contractual limitations period, triggered by plan's decision on administrative appeal); *Doe v. Blue Cross Blue Shield of Wisconsin*, 112 F.3d 869, 874-75 (7th Cir. 1997)(enforcing as reasonable a 39-month contractual limitations period from first date on services on which action based). In particular, the 90-day limitations period upheld in *Northlake* was shorter than the 120-day period now at issue. While this suggests that the 120-period is not presumptively unreasonable, however, it does not automatically

3

mean that it *is* reasonable. Rather, we must look to other factors to determine whether the 120-day period was reasonable in this particular case.

Dye argues that a period less than two years is unlawful and unreasonable under section 16.070(a) of the Texas Civil Practice & Remedies Code, which prohibits an agreement to shorten a statute of limitation to less than two years. The only Texas court to address this statute in the ERISA context, however, held that it was inapplicable to an ERISA contract. *Hand v. Stevens Trans., Inc. Employee Benefit Plan*, 83 S.W.3d 286, 290 (Tex. App. Dallas 2002)("A state statute prohibiting the shortening of a statute of limitations is not binding on ERISA claims.").

In the alternative, Dye argues that the 120-day period is not reasonable under federal common law for a long term disability plan. She bases this argument on the fact that federal cases have not previously enforced a 120-day limitation period in the context of disability benefits, as opposed to health, death, or pension benefits. Courts have enforced short contractual limitations provisions in several analogous contexts, however. *See, e.g., Northlake*, 160 F.3d at 1302-03 (applying 90-day period in health care context); *Sheckley v. Lincoln Nat'l Corp.*, 366 F.Supp.2d 140 (D.Me. 2005)(applying six-month period in retirement plan context); *Davidson v. Wal-Mart Associates Health and Welfare Plan*, 305 F.Supp.2d 1059 (S.D. Iowa 2004)(applying 45-day period in health

4

care context).  Dye does not offer any federal cases in which a court expressly refused to enforce such a limit in the disability benefits context, and there is no apparent reason that a court should treat a limitations period differently in this context.

The Plan gives notice, specifying the 120-day period.  The Plan also requires prompt notification to the employee of a decision on appeal.  Moreover, the period does not begin to run until after the disposition of the internal appeal process.  Given these other factors, the 120-day period is reasonable in this specific case.

For the foregoing reasons, we AFFIRM the district court.