# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-20159

DEBRA SWANSON,

Plaintiff - Appellant

v.

HEARST CORPORATION LONG TERM DISABILITY PLAN,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:

Appellant Debra Swanson challenges the district court's grant of summary judgment to Appellee Hearst Corp. Long Term Disability Plan ("the Plan"), on the grounds that Swanson failed to exhaust administrative remedies prior to bringing suit. We AFFIRM.

Through her employment with the Houston Chronicle, Appellant Swanson obtained coverage under a long-term disability benefits policy underwritten and administered by Hartford Life Insurance Co. ("Hartford"). The policy falls within the Plan, which is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. Swanson received benefits under the policy beginning in January 2002, but on April 4, 2003, Hartford notified her

that benefits would terminate because she was cleared to return to work on a full-time basis. The terms of the Plan allowed Swanson 180 days to appeal this determination, after which Hartford would have forty-five days—or ninety days in certain circumstances—to rule on the appeal.

On August 25, 2003, 144 days later, Swanson's counsel submitted a letter to Hartford. It indicated that counsel represented Swanson "in her efforts to reinstate her unlawfully terminated disability and health insurance benefits." It further indicated:

> Please accept this letter as notice of Debra Swanson's intention to appeal your decision terminating her benefits under the above referenced policy. Once we have had adequate time to review and supplement the record, we will notify you in writing to proceed with Debra Swanson's administrative appeal under the terms of the Plan.

The letter requested various documents from the Plan, and asked Hartford to provide counsel with notice of further deadlines.

Hartford did not consider this to be an appeal. Hartford personnel recorded receipt of the letter in Swanson's file, and added the following entry to the file: "Intent to appeal letter rec'd not an appeal – will send out acknow. letter." Hartford forwarded the file, including this entry, to Swanson's counsel. When the 180-day deadline passed, and Hartford concluded no appeal had been received, Hartford closed Swanson's file.

Three and a half years later, on February 23, 2007, the same counsel for Swanson submitted to Hartford what she now describes as "her brief with accompanying evidence, including medical records and a vocational expert's report." The cover letter stated that "[t]his firm represents Deborah [sic] C. Swanson in her ongoing appeal of the Hartford Life Insurance Company's unlawful decision . . . to close Ms. Swanson's claim for continued long-term disability ("LTD") benefits." Hartford did not treat this as an appeal or rule on

its merits. Rather, on April 21, 2007, Hartford wrote Swanson, rejecting the new submission as an appeal filed after the 180-day deadline.

Swanson then filed suit in the district court, which granted the Plan's motion for summary judgment. *Swanson v. Hearst Corp. Long Term Disability Plan*, No. H-08-213, 2009 WL 361469 (S.D. Tex. Feb. 11, 2009). The district court held that Swanson's August 25, 2003 letter merely expressed an intention to appeal in the future, but did not constitute an appeal, and that Swanson's failure to file an actual appeal before the 180-day deadline amounted to a failure to exhaust administrative remedies prior to bringing suit. *Id.* at *4–5. In the alternative, the court held that if the August 25, 2003 letter was an appeal, then the statute of limitations for Swanson's 2007 suit began running at the latest when Hartford failed to rule on the appeal within ninety days, and that Swanson's suit was time-barred when she filed it more than four years later. *Id.* at *5 n.13. The court also rejected Swanson's argument that the Plan should be estopped from asserting failure to exhaust administrative remedies. *Id.* at *6 & n.15.

This Court reviews summary judgments *de novo* in ERISA cases, applying the same standards as the district court. *Peace v. Am. Gen. Life Ins. Co.,* 462 F.3d 437, 439 (5th Cir. 2006). Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "We resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." *Dean v. City of Shreveport*, 438 F.3d 448, 454 (5th Cir. 2006). No genuine issue of material fact exists if the evidence is such that no reasonable juror could find for the nonmovant. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005).

As Swanson concedes, exhaustion of administrative remedies is a prerequisite to an ERISA action in federal court. *See Bourgeois v. Pension Plan*

*for the Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000).[1] There is likewise no dispute that in order to exhaust remedies, Swanson needed to appeal the termination of benefits within 180 days of April 4, 2003.

Swanson challenges the district court's exhaustion ruling based on the assertion that she indeed filed her appeal within 180 days. She argues that she "preserved her right to appeal by sending a letter on August 25, 2003 to Hartford as notice of her appeal well within the 180 day time limit," and that "Hartford was required to issue its decision in writing 45 days after it received the written request." We agree with the district court that this argument fails. Swanson's August 25 letter was not an appeal; it merely expressed an "intention to appeal." *Cf. Holmes v. Proctor & Gamble Disability Benefit Plan*, No. 06-30956, 228 F. App'x 377, 379 (5th Cir. 2007) (unpublished) (holding, in the context of materially similar ERISA appeal procedures, that the plaintiff "did *not* substantially comply with the Plan's appeal procedures [because he] stated only his *intent* to appeal the Plan's decision at some time in the future.").[2] Swanson's letter included no factual or substantive arguments, and no evidence. There was accordingly nothing for Hartford to consider on appeal, and no basis to require Hartford to "issue its decision in writing 45 days after it received the written request," as Swanson proposes. The appropriate materials making Swanson's case—her actual appeal—did not arrive until more than three years later.

Swanson also fails to persuade us of any error in the district court's conclusion that Hartford was not estopped from invoking failure to exhaust administrative remedies as an affirmative defense. In *Bourgeois*, we held that

---

[1] We have recognized a futility exception to the exhaustion requirement, *see Bourgeois*, 215 F.3d at 479, which Swanson invokes in passing. But there is no indication in the record that Hartford would not have properly considered Swanson's arguments and evidence if she had submitted them within the 180-day period. As discussed below, she did not.

[2] Although *Holmes* is not precedential, we consider its analysis of the point in question to be persuasive.

an ERISA plan was estopped from enforcing the exhaustion requirement, where "various officials of the company led Bourgeois on a wild goose chase, effectively extinguishing his time to apply for benefits." 215 F.3d at 481. Citing that case, Swanson argues that Hartford should be estopped from asserting the exhaustion defense because "no decision was ever issued, in writing or otherwise," in response to her August 25, 2003 letter or the February 23, 2007 filing, and because Hartford did not formally state its position that her initial letter was inadequate until after the deadline had passed. We ascribe no fault to Hartford for failing to rule on the merits of the appeal, because we have affirmed the district court's conclusion that there was no valid appeal on which to rule. As to the amount of notice Swanson received, she does not dispute that Hartford notified her of the Plan's 180-day appeal deadline at the outset, or that Hartford forwarded her file to counsel within that time period, including notations indicating that Hartford did not consider the August 25, 2003 letter to be an appeal. Swanson cites no provision of the Plan or any other source of law that would obligate Hartford to send further notices or reminders before concluding that Swanson failed to timely appeal. Her circumstances are certainly unlike those in *Bourgeois*, where the ERISA plan affirmatively misled the applicant. *See* 215 F.3d at 481.

Because we have rejected Swanson's challenge to the district court's ruling that Hartford was entitled to an affirmative defense of failure to exhaust administrative remedies, it is not necessary for us to consider the district court's alternative ground for summary judgment based on the statute of limitations. The ruling of the district court is AFFIRMED.