**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-20187
Summary Calendar

LARRY PIECZNSKI,

Plaintiff–Appellant,

v.

DRIL-QUIP, INC. LONG TERM DISABILITY PLAN,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-212

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry Piecznski appeals from the district court's grant of summary judgment to Dril-Quip, Inc. Long Term Disability Plan (the Plan). The district court concluded that Piecznski had not exhausted available administrative remedies prior to bringing suit to recover benefits under the disability plan, and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternatively, that Piecznski's claim was time-barred by the Plan's limitations period for filing suit. We affirm.

**I**

Piecznski, as an employee of Dril-Quip, Inc., participated in the Dril-Quip, Inc. Long Term Disability Plan, an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA). Piecznski was diagnosed with multiple sclerosis and in February 2004 applied for long-term disability benefits under the Plan.

Metropolitan Life Insurance Company (MetLife), as the Plan's claim administrator and a Plan fiduciary, reviewed Piecznski's claim and determined that Piecznski was not disabled as defined by the terms of the Plan. MetLife sent Piecznski a letter on May 26, 2004, notifying him that his claim had been denied. The letter included the following information regarding the appeal process:

> Because your claim was denied in whole or in part, you may appeal this decision by sending a written request for appeal to MetLife Disability . . . within 180 days after you receive this denial letter. Please include in your appeal letter the reason(s) you believe that claim was improperly denied, and submit any additional comments, documents, records or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration. Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained with your claim.
>
> MetLife will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal. If there are special circumstances requiring additional time to complete [our] review, we may take up to an additional 45 days, but only after notifying you

of the special circumstances in writing. In the event your appeal is denied in whole or in part, you will have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974.

On September 2, 2004, Piecznski's attorney sent a letter to MetLife:

Prior correspondence indicates that you have denied long term disability benefits to Mr. Piecznski and that his case is in the administrative appeals process. We believe there is additional evidence that will become available soon that justifies review of his claim.

Please accept this letter as notice of Mr. Piecznski's intention to appeal your decision denying benefits under the above referenced policy. Once we have adequate time to review and supplement the record, we will notify you in writing to proceed with Mr. Piecznski's administrative appeal under the terms of the Plan.

The letter also requested copies of various documents and "request[ed] that [MetLife] disclose any deadlines imposed under the policy that you believe are pending, will be pending upon any event in the future or that you believe have already expired."

MetLife responded to this letter on September 15, 2004, and sent a complete copy of Piecznski's claim file. The letter stated, "As indicated in our May 26, 2004 letter, your client has 180 days from receipt of that letter to submit his appeal. Accordingly, please submit any additional information you wish MetLife to consider in its review of your client's claim by November 29, 2004."

On August 16, 2006, Piecznski's attorney sent a letter to MetLife to "supplement[] his appeal of MetLife's decision with further medical evidence and with information to further clarify his condition." The letter specified the grounds of Piecznski's appeal in great detail. MetLife responded by letter on

August 28, 2006, stating that Piecznski "is not entitled to an appeal as the 180 days have expired."

Piecznski then filed suit in district court, seeking long-term disability benefits from the plan. Both parties moved for summary judgment. The district court granted summary judgment to the Plan, concluding that Piecznski had not exhausted available administrative remedies, and even if he had exhausted all available administrative remedies, his suit was barred by the limitations period in the Plan. Piecznski appeals from this judgment.

## II

We review a district court's grant of summary judgment de novo.[1] Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law.[2]

## III

On appeal, Piecznski argues that the district court erred in granting summary judgment to the Plan because he presented sufficient evidence to raise at least a fact issue that: (1) Piecznski exhausted or was prevented from exhausting his administrative remedies, and (2) Piecznski's lawsuit was not time-barred because MetLife's refusal to issue a final decision effectively delayed suit and tolled the statute of limitations.

### A

Piecznski first argues that he has presented sufficient evidence to raise at least a fact issue that he exhausted or was prevented from exhausting his administrative remedies. Exhaustion of administrative remedies is a

---

[1] *Dutka ex rel. Estate of T.M. v. AIG Life Ins. Co.*, 573 F.3d 210, 213 (5th Cir. 2009), *cert. pet. filed*, No. 09-347 (Sept. 18, 2009).

[2] FED. R. CIV. P. 56(c).

prerequisite to an ERISA action in federal court.[3]  We have recognized an exception to this requirement when an attempt to exhaust would be futile.[4] Piecznski contends that he preserved his right to appeal by sending a letter to MetLife on September 2, 2004, as notice of appeal, and that this letter was within the 180-day time limit for filing an appeal.  Piecznski argues that the exception to the exhaustion requirement applies because MetLife has made Piecznski's attempts to exhaust his remedies futile by refusing to consider his appeal.

The district court found that Piecznski's September 2, 2004 letter was not an appeal, recognizing that "an employee cannot indefinitely extend an ERISA plan's appeal deadline by notifying the plan that he intends to appeal sometime in the future" because "[s]uch a rule would render the plan's deadlines meaningless."  The district court's finding is further supported by this court's recent decision in *Swanson v. Hearst Corp. Long Term Disability Plan*,[5] which held that a claimant's letter expressing an intention to appeal was not an appeal for purposes of the ERISA plan.

The facts in *Swanson* are almost identical to the facts in this case.  The ERISA plan in *Swanson* provided Swanson 180 days to appeal the determination to terminate her benefits under the plan, after which the plan administrator would have 45 days to rule on the appeal.[6]  Before the 180 days expired,

---

[3] *Bourgeois v. Pension Plan for the Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000).

[4] *Id.*

[5] No. 09-20159, 2009 WL 3582435 (5th Cir. Nov. 3, 2009) (slip op.).

[6] *Swanson*, No. 09-20159, slip op. at 2.

Swanson's attorney sent a letter to the plan administrator requesting various documents and asking for notification of further deadlines.[7] The letter stated:

> Please accept this letter as notice of Debra Swanson's intention to appeal your decision terminating her benefits under the above referenced policy. Once we have had adequate time to review and supplement the record, we will notify you in writing to proceed with Debra Swanson's administrative appeal under the terms of the Plan.[8]

The plan administrator subsequently forwarded Swanson's file, which included a notation that "[i]ntent to appeal letter rec'd not an appeal," to Swanson's attorney.[9] Three and a half years later, Swanson's counsel submitted a brief with accompanying evidence, which the plan administrator rejected as an appeal filed after the 180-day deadline.[10] Swanson filed suit, and we affirmed the district court's ruling that Swanson had failed to exhaust her administrative remedies, concluding that Swanson's "letter was not an appeal; it merely expressed an 'intention to appeal.'"[11] We explained:

> Swanson's letter included no factual or substantive arguments, and no evidence. There was accordingly nothing for [the plan administrator] to consider on appeal, and no basis to require [the plan administrator] to "issue its decision in writing 45 days after it received the written request," as Swanson proposes. The appropriate materials making Swanson's case—her

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 2-3.

[11] *Id.* at 4.

actual appeal—did not arrive until more than three years later.[12]

Like Swanson's letter, Piecznski's September 2, 2004 letter was not an appeal—it merely expressed an intention to appeal. Piecznski's letter did not include the required information for an appeal letter; he did not "include . . . the reasons(s) [sic] [he] believed that [his] claim was improperly denied," and he did not "submit any additional comments, documents, records or other information relating to [his] claim that [he] deem[ed] appropriate for [the Plan] to give [his] appeal proper consideration." As in *Swanson*, there was nothing for the Plan to consider on appeal and no basis to require the Plan to issue a decision within 45 days of receiving Piecznski's letter. Piecznski did not provide the Plan with the required information until August 16, 2006, well after the 180-day appeal period had expired. The Plan's refusal to consider Piecznski's untimely appeal does not justify the application of an exception to the exhaustion requirement. Accordingly, we hold that Piecznski failed to exhaust available administrative remedies.

## B

Although we conclude that Piecznski failed to exhaust administrative remedies, we will also address his argument that he has presented sufficient evidence to raise at least a fact issue on whether his lawsuit was not time-barred. ERISA does not provide a specific limitations period, and therefore we apply state law principles of limitation.[13] When "a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs."[14] In this case, the Plan requires that legal action be brought within "three years after

---

[12] *Id.*

[13] *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005).

[14] *Id.*

proof of Disability must be filed." Claimants are required to "[p]rovide proof of Disability within 3 months after the end of [their] Elimination Period." The Elimination Period ends 90 days after the date of disability. According to the Plan, Piecznski was required to file his proof of Disability by August 12, 2004, meaning that Piecznski was required to file suit by August 12, 2007. Piecznski did not file suit until January 17, 2008.

Piecznski does not contend that this is not a reasonable time period, nor does he contest the Plan's calculation of the limitations period. Instead, he argues that the limitations period should be tolled under the doctrine of equitable estoppel. In order to establish an ERISA-estoppel claim, Piecznski must demonstrate: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances."[15]

Piecznski maintains that MetLife indicated that it would issue its final decision pursuant to its September 15, 2004 letter, and his reliance on the letter and the terms of the Plan was reasonable and consistent with the terms of the Plan. Thus, Piecznski argues, the limitations period was tolled until August 28, 2006, when MetLife informed Piecznski that it would not render a decision on his appeal. As a result, Piecznski argues that this period of one year, eleven months, and thirteen days should then be added to the applicable limitations period, meaning that his limitations period did not end until July 25, 2009.

The district court concluded that MetLife had not made a material misrepresentation. However, even if MetLife's September 15, 2004 letter made a material representation that MetLife would issue a final decision, Piecznski has not established that he reasonably relied on the representation to his

---

[15] *See Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005) (citing *McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 513 (5th Cir. 2000); *Weir v. Fed. Asset Disposition Ass'n*, 123 F.3d 281, 290 (5th Cir. 1997)).

detriment, nor has he presented any evidence of extraordinary circumstances warranting application of the doctrine of equitable estoppel.

"[A] party's reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party."[16] The Plan's limitation provision is not ambiguous, and it is not tied to the claim determination or appeal period. Under the terms of the Plan, MetLife must notify a claimant of its final decision on appeal "within a reasonable period of time, but no later than 45 days after MetLife's receipt of [the] written request for review." Therefore, assuming *arguendo* that Piecznski's September 2, 2004 letter was a written request for an appeal, MetLife should have provided Piecznski with its final decision in writing on or about October 23, 2004, 45 days from the date MetLife says it received Piecznski's letter. While it might have been reasonable for Piecznski to wait to file suit until MetLife rendered its final decision on appeal, thus exhausting his claim, it was not reasonable for Piecznski to continue to wait to file suit after the 45-day period expired. However, Piecznski's suit would still be time-barred even if we applied the doctrine of equitable estoppel and tolled the limitations for 45 days.

Furthermore, even if Piecznski's reliance were reasonable, he has not established that such reliance was to his detriment. After MetLife notified Piecznski on August 28, 2006, that his appeal time had expired, Piecznski still had almost a full year—until August 12, 2007—to file his lawsuit. However, Piecznski did not file his suit until January 17, 2008. Accordingly, we hold that Piecznski is not entitled to tolling under the doctrine of equitable estoppel, and thus his suit is time-barred.

\*     \*     \*

---

[16] *High v. E-Sys. Inc.*, 459 F.3d 573, 580 (5th Cir. 2006) (quoting *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998) (internal quotation marks omitted)).

Therefore, for the reasons discussed above, we AFFIRM the district court's judgment.