HAYNES, Circuit Judge,
dissenting:
Because I conclude the one-year contractual period of limitations was not unreasonable as applied to this case, I respectfully dissent. Baptist Memorial Hospital — De Soto (“BMHD”) had, at minimum, nearly six months, and arguably as much as ten months, to file suit after its claim was constructively denied by Crain Automotive Inc.’s (“Crain”) failure to provide a timely notice of denial. To the extent Cram’s owner, Larry Crain (“Mr. Crain”), misled BMHD with his continued entreaties, his conduct at most merely tolled the statute of limitations until his final communication in August 2004 rather than, as the majority opinion suggests, invalidating the limitation in its entirety. Accordingly, I would reverse the district court and render judgment in favor of Crain.
*300 I agree with the majority opinion on the question of exhaustion. That conclusion— that BMHD exhausted its administrative remedies by operation of the applicable federal regulation, 29 C.F.R. § 2560.503-1(1) (2009) — leads to the concomitant conclusion that the one-year contractual limitations period was reasonable. Where, as here, a plan administrator fails reasonably to adhere to a claims procedure, § 2560.503-1(l) operates to render such a claim fully .exhausted — thereby clearing the way for civil relief. Thus, as the majority opinion, finds, once Crain failed to substantially comply with the denial procedures mandated by the underlying plan documents, BMHD’s claim accrued, and it was free to pursue that claim in federal court.
I disagree, therefore, with the majority opinion’s attempt to divorce this exhaustion analysis from its assessment of the contractual limitations period. Instead, the majority opinion assesses the contractual limitations period under a “worst case scenario” approach to conclude that a fully exhausted claim could leave a party with only thirty-five days to file suit. But that did not happen in this case. Instead, BMHD’s claim was fully accrued and exhausted upon the operation of § 2560.503-l(i). Thus, in ascertaining whether the period of limitations was “reasonable,” I would consider only how the limitations period applied under the facts of this case and not under a worst-case hypothetical.[1] See Dye v. Assocs. First Capital Corp. Long-Term Disability Plan 504, 243 Fed.Appx. 808, 810 (5th Cir.2007) (unpublished) (holding that the actual application of procedural safeguards made a 120-day period reasonable “in this specific case” (emphasis added))[2]; see also Davidson v. Wal-Mart Assocs. Health & Welfare Plan, 305 F.Supp.2d 1059, 1074 (S.D.Iowa 2004) (cited favorably by Dye after finding 45-day period reasonable as applied to the facts of that case); Sheckley v. Lincoln Nat’l Corp. Employees’ Ret. Plan, 366 F.Supp.2d 140, 147 (D.Me.2005) (cited favorably by Dye after finding that, under the pled facts, “there [was] no causal connection between the Plan’s failure to follow the claims procedures laid out in [the plan document] and Plaintiffs failure to file this action ... [until] after the Plan’s six-month limitation period had run”).
In keeping with the exhaustion analysis, the first step in assessing the reasonableness of the contractual limitations period is pinpointing the exact date at which § 2560.503 — 1(Z) cleared the way for BMHD to bring suit.[3] At the latest, *301 BMHD was on notice that Mr. Crain was not going to adhere to the parameters of the Crain Plan on April 12, 2004. At that point, BMHD had been informed by Core-Source, the claims processor, that Mr. Crain was refusing to release payment. Moreover, on that date, Mr. Crain contacted BMHD to try to settle the outstanding debt outside of the Crain Plan’s claims review process. Thus, BMHD appears to have had approximately 214 days to file suit from the time its cause of action accrued under § 2560.508-1(I).
BMHD complains, however, that Mr. Crain misled it into believing that the parties could reach an amicable resolution and that he might still pay the claim pursuant to the terms of the Crain Plan. Accepting this proposition as true for the sake of argument does not lead to the conclusion that the effect of such misconduct is the invalidation of the one-year contractual period. Rather, the doctrine of equitable estoppel, often called “ERISA estoppel” in this context, operates to toll the statute of limitations until Crain ceased to mislead BMHD. See Mello v. Sara Lee Corp., 431 F.3d 440, 444-45 (5th Cir.2005) (expressly adopting ERISA estoppel); Piecznski v. Dril-Quip, Inc., 354 Fed.Appx. 207, 211 (5th Cir.2009) (unpublished) (applying ERISA estoppel to determine whether a contractual period of 'limitations should be tolled due to misrepresentations by a plan administrator). Mr. Crain last contacted BMHD on August 10, 2004. In that communication, he did, as BMHD suggests, indicate a continued willingness to comply with the plan up to that point. Thus, I assume for the sake of argument that ERISA estoppel applies due to Mr. Crain’s alleged misconduct,[4] and that the contractual limitations period was thus tolled until that date.[5]
Applying the 214 remaining days to the tolling date of August 10, 2004, BMHD had until approximately March 12, 2005, to timely file suit under the applicable contractual term. Under the facts of this case, such a period is far from unreasonable. BMHD received three different phone calls from Mr. Crain informing it that he did not intend to adhere to the terms of the Crain Plan. CoreSource had informed BMHD no less than four times that Mr. Crain was preventing the payment of benefits. The requested payment was not made. Taken together, these communications and actions (or inaction) put BMHD on notice that Mr. Crain was not going to “follow claims procedures con *302 sistent with the [regulatory] requirements....” 29 C.F.R. § 2560.503-1(Z). Moreover, BMHD did nothing to advance its claim for more than ten months between its last call to CoreSource on October 13, 2004, and when it filed suit on August 25, 2005. The record does not reveal a reason why the date it actually filed suit is any different from any of the days in the last ten months before it filed suit. BMHD had ample time to bring suit under the contractual limitations period, and I would hold its claim barred under the facts of this case and applicable law.

. Additionally, I do not necessarily accept that thirty-five days to file suit following a thorough and complete eleven month review process would leave a party with an unreasonably short period to bring an action. Previous courts have found short periods of limitations reasonable in light of the preparation for suit afforded by the administrative processing period. See, e.g., Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan, 160 F.3d 1301, 1304 (11th Cir.1998) (finding that a ten month appeals process combined with a ninety day limitations period provided an adequate opportunity to investigate a claim and file suit).

. Although an unpublished decision is not precedent, it is cited for its persuasive reasoning. Moreover, Dye appears to constitute our court's only direct attempt thus far to assess the reasonableness of an ERISA contractual limitations period.

.I cannot accept the majority opinion's reasoning that "BMHD’s ERISA cause of action had not yet accrued as of October 13, 2004.” By that logic, BMHD’s claim never accrued because it has not been formally denied even now. Not only does the majority opinion's position conflict with the aforementioned exhaustion analysis, but, taken to its logical conclusion, the majority opinion's position suggests this matter is not yet ripe for adjudication. Thus, if that position was correct, the court would be required to dismiss this case for lack of jurisdiction. Cf. Paris v. Profit *301 Sharing Plan for Employees of Howard B. Wolf, Inc., 637 F.2d 357 (5th Cir.1981) ("[C]laims filed before a pension actually has been denied might be challenged for lack of ripeness.”); Schwob v. Std. Ins. Co., 37 Fed.Appx. 465, 469-70 (10th Cir.2002) (unpublished) (dismissing as unripe after plan administrators reopened administrative review to reconsider denial of benefits).

. As noted in Mello and Piecznski, "[t]o establish an ERISA-estoppel claim, the plaintiff must establish: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances.” Mello, 431 F.3d at 444-45; see also Piecznski, 354 Fed.Appx. at 211. While the first and second elements appear satisfied, the third element presents a harder question. I do not attempt to address that question as I conclude that BMHD’s claim is barred even if ERISA estoppel applies.

. BMHD contends it left messages with Core-Source on September 22, 2004, and October 13, 2004, and, thus, Mr. Crain’s malfeasance continued through that time. Under the most generous reading of the facts for BMHD, Mr. Crain ceased to take affirmative actions to mislead BMHD on August 10, 2004. Consequently, these later, unilateral actions do not continue tolling the statutory period. To hold otherwise would allow a party to hold open a bargained-for contractual period indefinitely by engaging in unlimited futile attempts to secure relief under a plan document.