# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30341

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2016

Lyle W. Cayce
Clerk

JAMES L. MOSS,

> Plaintiff - Appellant

v.

UNUM GROUP; PAUL REVERE LIFE INSURANCE COMPANY; NEW YORK LIFE INSURANCE COMPANY,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-3152

Before STEWART, Chief Judge, and REAVLEY and DAVIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant James L. Moss alleges that Defendants-Appellees (collectively "Unum") unlawfully denied his claim for total disability benefits under two insurance policies governed by the Employment Retirement Income Security Act of 1974 ("ERISA"). The district court dismissed Moss's claims with prejudice for failure to exhaust administrative remedies. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30341

I.

Unum issued two disability insurance policies to Moss, a urologist. Moss suffers from osteoarthritis. He alleges that his condition prevents him from performing urological surgery.

Moss filed a claim with Unum for total disability benefits under the policies. Unum denied the claim on June 5, 2009. Unum's denial letter notified Moss that, if he wanted to appeal Unum's denial of his claim, he was required to submit a written appeal within 180 days.

On June 30, 2009, Moss's attorney called an Unum representative and verbally informed him that he disagreed with Unum's decision. Then, on July 16, 2009, Moss's attorney mailed copies of Moss's paychecks to Unum. However, Moss did not file a formal written appeal.

On December 10, 2009, Unum sent Moss another letter reiterating its denial of his claim for benefits. The December 10, 2009 denial letter again informed Moss that he had 180 days to file a written administrative appeal.

Moss never filed an administrative appeal. Instead, Moss filed a lawsuit against Unum, in which he argued that attempting to exhaust his administrative remedies would be futile. The district court rejected Moss's futility argument and dismissed the case without prejudice.

On April 16, 2013, after the district court dismissed his first suit, Moss asked Unum to allow him to file an administrative appeal. Unum responded that it was unable to review the claim because Moss submitted his appeal request far beyond the 180-day deadline.

Moss filed a second suit against Unum on October 21, 2013. The district court ruled that Moss had failed to exhaust his administrative remedies by failing to file a timely administrative appeal. Because Moss failed to demonstrate that he would be able to timely exhaust his administrative remedies in the future, the district court dismissed the case with prejudice.

No. 15-30341

Moss now appeals the district court's order dismissing his second suit against Unum.

## II.

This appeal presents only legal questions, so our standard of review is *de novo*.[1]

## III.

Moss's disability insurance policies are governed by ERISA. ERISA authorizes a civil action by a participant "to recover benefits due to him under the terms of his plan."[2] However, "claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits."[3] This includes, *inter alia*, filing a timely administrative appeal.[4]

Moss did not file a timely administrative appeal. Thus, the district court properly dismissed the case.

## IV.

Moss nonetheless argues that we should excuse his failure to appeal. As we explain below, none of Moss's arguments have merit.

---

[1] *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir. 1994).

[2] 29 U.S.C. § 1132(a)(1)(B).

[3] *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000) (citing *Denton v. First Int'l Bank of Waco*, 765 F.2d 1295, 1300 (5th Cir. 1985)).

"This court has recognized an exception to the affirmative defense of failure to exhaust administrative remedies when such attempts would be futile." *Id.* (citing *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 232 (5th Cir. 1997)). Moss argued in his first case against Unum that exhaustion would be futile, but the district court rejected that argument. Moss does not pursue his futility argument in the instant case, nor could he.

[4] *See Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 257 (5th Cir. 2005).

No. 15-30341

A.

Moss first relies on the following statement from Unum's December 10, 2009 denial letter: "*Unless there are special circumstances*, the administrative appeal process must be completed before you begin any legal action regarding your claim." Moss claims that Unum's alleged bad faith in denying his claim for disability benefits constitutes a "special circumstance" that excuses him from his obligation to file an administrative appeal.

Because Unum's denial letter does not define the term "special circumstances," Moss analogizes to the principle that courts should construe ambiguous provisions in insurance contracts in the insured's favor and against the drafter.[5] According to Moss, "[c]onstruing this ambiguous term in favor of Dr. Moss requires findings [sic] that a 'special circumstance' did exist when Defendants-Appellees acted in bad faith, and, therefore, Dr. Moss had exhausted his administrative remedies."

We doubt that a denial letter is analogous to an insurance contract that must be construed in Moss's favor. But even if that were so, Moss's interpretation of "special circumstances" is meritless. As the district court correctly reasoned, if a claimant could avoid the exhaustion requirement simply by alleging in his complaint that the plan administrator denied his claim in bad faith, then no claimant would ever be required to exhaust administrative remedies before filing suit. Interpreting "special circumstances" as Moss proposes would render the administrative appeal requirement completely toothless. An exception to the appeal requirement that is potentially available to every claimant is hardly a "special" circumstance.

---

[5] *See Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 562 (5th Cir. 2013).

No. 15-30341

Because Moss's interpretation of "special circumstances" is implausible, we hold that Moss was indeed required to file a written administrative appeal within 180 days.

B.

Moss next argues that even though he did not file a formal written appeal, he "effectively exhausted" his administrative remedies by taking informal actions that fulfilled "the underlying purpose of the exhaustion requirement." According to Moss, it is sufficient that he telephonically informed Unum that he disagreed with its decision and mailed Unum copies of his paychecks. Thus, claims Moss, "in substance, Dr. Moss *did* appeal [Unum]'s denial of benefits."

This argument is also meritless. "[A]llowing informal attempts to substitute for the formal claims procedure would frustrate the primary purposes of the exhaustion requirement."[6] Unum clearly informed Moss that, if he "want[ed] to appeal [its] claim decision," he was required to submit "a *written* appeal." He nonetheless failed to file one. He has therefore failed to exhaust his administrative remedies.[7]

---

[6] *Bourgeois*, 215 F.3d at 480 n.14.

[7] Moss cites two district court cases, *Stormont-Vail Regional Medical Center v. Kansas Building Trades Open-End Health & Welfare Fund Uninsured Benefit Plan*, CIV. A. No. 88-4146, 1990 WL 11377, at *3 (D. Kan. Jan. 8, 1990) and *Keel v. Group Hospitalization Medical Services, Inc.*, 695 F. Supp. 223, 227-28 (E.D. Va. 1988), for the proposition that a claimant need not file a formal appeal if he takes informal actions that "are the functional equivalent of the appeals process." We do not read *Stormont-Vail* or *Keel* to stand for such a broad proposition. In any event, we are bound by our published opinion in *Bourgeois*, which states that "allowing informal attempts to substitute for the formal claims procedure would frustrate the primary purposes of the exhaustion requirement." 215 F.3d at 480 n.14.

No. 15-30341

C.

Moss's final argument is based on Louisiana Civil Code art. 3462, which provides that "[p]rescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." Moss argues that, by filing his first suit against Unum on December 3, 2009, he tolled the 180-day deadline for filing an administrative appeal. He asserts that "[t]he 180-day 'statute of limitations' began to run again on March 14, 2013, when the District Court dismissed Dr. Moss's lawsuit without prejudice." Because Moss requested an administrative appeal 33 days after the district court dismissed his first suit, he claims that he timely filed an appeal and thereby exhausted his administrative remedies.

Moss's tolling argument is meritless. ERISA requires the claimant to exhaust his administrative remedies within the time period specified in the plan, which in this case was 180 days after denial. Moss offers no persuasive reason why the Louisiana Civil Code would govern this purely federal ERISA suit.[8] In any event, at least one other court in this Circuit has rejected an identical tolling argument, and we find that court's reasoning persuasive.[9]

---

[8] Moss cites *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016 (5th Cir. 2009) for the proposition that an ERISA plan's internal appeal deadlines are to be followed "just as any statute of limitations," but that language does not appear anywhere in *Swanson*. *Swanson* does not stand for the proposition that state statutes of limitation apply in federal ERISA cases.

[9] *See Poch v. Unum Grp.*, Civil Action No. 12-1878, 2013 WL 4404183, at *2 (W.D. La. Aug. 15, 2013) ("This Court therefore finds that its decision to dismiss the first case without prejudice did not extend Poch's deadline to appeal his denial of benefits.").

No. 15-30341

V.

Because Moss did not timely file an administrative appeal, the district court correctly dismissed his ERISA claim for failure to exhaust administrative remedies.

AFFIRMED.