# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20477
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2017

Lyle W. Cayce
Clerk

MEMORIAL HERMANN HEALTH SYSTEM,

      Plaintiff - Appellant

v.

SOUTHWEST LTC, LIMITED EMPLOYEE BENEFITS PLAN;
SOUTHWEST LTC, LIMITED,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2572

Before JOLLY, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Memorial Hermann Health System sued Southwest LTC seeking payment for medical bills incurred by a patient covered by a Southwest health benefits plan. The district court granted summary judgment in favor of Southwest, concluding that Memorial failed to exhaust administrative remedies. Memorial appealed. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20477

The patient, C.W., was covered by an ERISA-governed employee health benefits plan managed by Southwest. Meritain was the third-party claims administrator. From June to August 2012, C.W. incurred over $400,000 in medical bills as a patient at Memorial Hermann Hospital in Houston, Texas. According to Memorial, C.W. assigned her insurance benefits to Memorial, who then sought to collect from Meritain.

Memorial and Meritain exchanged multiple letters between October 2012 and June 2013. In them, Meritain repeatedly informed Memorial that it needed an authorization from C.W. before it could provide documents relating to C.W. and before Memorial could invoke the administrative process. Memorial never provided an authorization. Therefore, Meritain did not release the requested documents. Memorial filed suit against Southwest in state court. Southwest removed the case to the United States District Court for the Southern District of Texas based on federal-question jurisdiction. It then filed a motion for summary judgment, attaching various affidavits and the letters exchanged between Meritain and Memorial. The district court granted the motion, concluding that Memorial failed to exhaust administrative remedies.

We review *de novo* a grant of summary judgment. *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018 (5th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "No genuine issue of material fact exists if the evidence is such that no reasonable juror could find for the nonmovant." *Swanson*, 586 F.3d at 1018.

Memorial seeks benefits under 29 U.S.C. § 1132(a)(1)(B), which permits a plan participant or beneficiary to recover benefits due under the plan. To recover, though, Memorial must have exhausted its available administrative remedies. *See Swanson*, 586 F.3d at 1019.

No. 16-20477

Administrative exhaustion is explained in Southwest's Plan. It provides: "No action at law or in equity can be brought to recover on this Plan until the appeals procedure has been exhausted as described in this Plan." Exhaustion requires that a "Covered Person,"[1] which includes C.W., "file[] a claim for benefits in accordance with the terms of the Plan specific to each type of claim[.]" Meritain insisted that Memorial show it was acting on behalf of C.W. The Plan provides that it is the *employee* who has the responsibility "to make certain each [claim] submitted by h[er] or on h[er] behalf includes all information necessary to process the claim[.]" If benefits are denied, the appeal also needed to be brought by the "Covered Person." Also relevant, Southwest LTC as the Plan Administrator has the exclusive authority to "interpret the Plan" and to "determine all questions arising in the administration, interpretation, and application of the Plan."

Memorial argues: (1) it provided evidence of exhaustion; (2) even if it did not actually exhaust its remedies, it should be deemed to have exhausted them; and (3) it should be excused from the exhaustion requirement because it was denied "meaningful access" to administrative remedies. Key to the district court's rejection of each argument was that Memorial failed to provide Meritain with an authorization from C.W. to evidence that Memorial was a "Covered Person."

We agree with the district court. True, "an assignee of a plan participant has derivative standing to bring a cause of action for enforcement under ERISA." *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 892 (5th Cir. 2003). For whatever reason, though, Memorial failed to provide Meritain with proof of an authorization or assignment from C.W. Consequently,

---

[1] The Plan defines "Covered Person" as "any Employee or Dependent who has met the eligibility requirements of the . . . Plan while such person is covered hereunder."

Memorial did not exhaust administrative remedies.  We also see no basis to conclude that Meritain was denied meaningful access to the administrative process.  When the Plan Administrator is clearly advising a would-be claimant of a valid task it must perform so that a claim may be processed, there is no interference with access. *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 560 (5th Cir. 2004).

AFFIRMED.