# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 11-20637
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH YOUNG

Plaintiff-Appellant

v.

CITY OF HOUSTON; HARRIS COUNTY

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-897

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Joseph Young ("Young"), alleged civil rights violations and brought action against the City of Houston ("Houston") and Harris County (collectively the "Defendants"). Houston and Harris County moved to dismiss on the grounds that service was improper and Young failed to state a claim upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20637

which relief could be granted.  The district court granted the Defendants' motions to dismiss on said grounds and Young appealed.  We AFFIRM.

On March 7, 2011, Young filed this civil rights suit *pro se* against Houston and Harris County.  In Young's complaint, which he entitled, "Writ of Habeas Corpus," he complained that the Defendants violated his civil rights. Young, however, failed to cite any specific civil rights laws that the Defendants allegedly violated.

## I.

### A. Standard of Review

"We review dismissals under Rule 12(b)(6) *de novo*."  *Oscar Renda Contracting, Inc. v. City of Lubbock, Tex.*, 463 F.3d 378, 381 (5th Cir. 2006) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).  "'In doing so, we accept as true the well-pleaded factual allegations in the complaint.'"  *Id.* (citing *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 557 (5th Cir. 2002)).  "The dismissal should be upheld only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which entitles them to relief."  *Id.* (quotations and citations omitted).  "The motion may be granted 'only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).  "We review a dismissal for failure to effect [ ] proper service of process for an abuse of discretion."  *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 445 (5th Cir. 1996) (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)) (per curiam).

### B. Discussion

Federal courts afford liberal construction of pro se briefs.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (per curiam).  On appeal, Young recites various assertions from his complaint.  With respect to Harris County, Young merely makes conclusory statements that the district court dismissed his case

No. 11-20637

"on [the] basis of political interference." Young has neither discussed how the district court erred in its ruling nor did he provide any reasons, record citations, or legal authority in support of his claim. Young's briefing fails to meet the requirements of Fed. R. App. P. 28(9)(A) and thus his arguments are waived. *See S.E.C. v. Recile*, 10 F.3d 1093, 1096-97 (5th Cir. 1993) (observing that, although the courts construe briefs liberally in determining issues for review, issues that are not raised or that are not briefed in accordance with Fed. R. App. P. 28 are waived).

Young also fails to properly brief service issues against Houston on appeal, thus those arguments are waived. Alternatively, we find no abuse of discretion by the district court. It is undisputed that Houston is a government entity. And, state governmental organizations must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Texas law holds that, "[in] a suit against an incorporated city..., citation may be served on the mayor, clerk, secretary, or treasurer." Tex. Civ. Prac. & Rem. Code § 17.024 (Vernon 2008). Young failed to comply with Federal Civil Procedure Rules and Texas law.

## II.

Accordingly, we AFFIRM the district court.

3