## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 17, 2012

No. 12-30183

Lyle W. Cayce
Clerk

MIKE GINES, Individually and on Behalf of All Others Similarly Situated,

Plaintiff-Appellant

v.

D.R. HORTON, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana

Before KING, SMITH, and BARKSDALE, Circuit Judges.

KING, Circuit Judge:

This case concerns the remedy under Louisiana law for the purchaser of a newly constructed home with a construction defect that has not resulted in actual physical damage to the home. We are presented with two questions. First, we are asked to decide whether the Louisiana New Home Warranty Act provides the exclusive remedy against a builder for a purchaser of a newly constructed home with a construction defect. Second, we are asked to decide whether a claim brought under the Act must allege that the defect in question resulted in actual physical damage to the home. We answer both questions in the affirmative. Accordingly, we affirm the judgment of the district court dismissing the case.

No. 12-30183

## I. FACTS AND PROCEEDINGS

On or about November 21, 2006, Plaintiff-Appellant Mike Gines ("Gines") purchased a new home in Louisiana built by Defendant-Appellee D.R. Horton, Inc. ("Horton"). The air conditioning system in the home was installed by Reliant Heating and Air Conditioning of Louisiana, L.L.C. ("Reliant") and designed by Reliant Heating & Air Conditioning, Inc. After Gines took possession of the home, he discovered that the system's capacity was not large enough to maintain an appropriate temperature in the home. On July 9, 2007, Gines made a written demand on Horton to repair the system. Horton and Reliant made several attempts to do so, but the alleged problems persisted.

On August 22, 2008, Gines filed a class action petition against Horton and Reliant in state court. After Reliant and Horton removed to federal court, Gines filed an amended complaint, asserting causes of action for violations of the Louisiana New Home Warranty Act ("NHWA"), redhibition, breach of contract, poor workmanship, non-compliance of contract, and negligence. Gines alleged that Horton and Reliant were liable because the air conditioning system was not reasonably fit for its ordinary use, failed to cool the home properly, was undersized, and continually ran on hot days. Gines further alleged that Horton and Reliant were liable for any other defects in the air conditioning system to be shown at trial. Gines sought reimbursement for a replacement air conditioning system, increased energy bills caused by the system, and attorney's fees and costs associated with this lawsuit.

On September 29, 2008, before the amended complaint was filed, Horton and Reliant filed a motion to dismiss. In support of this motion, Horton argued that Gines failed to state a claim under the NHWA because the alleged defect did not result in "actual physical damage" to Gines's home, as required under the Act. After Gines filed his amended complaint, Horton filed a supplemental memorandum in which it reaffirmed its position that Gines had failed to state

2

No. 12-30183

a claim under the NHWA because he had not alleged actual physical damage to his home. Horton argued for the first time that the NHWA provides Gines's exclusive remedy, and therefore Gines's amended claims should be dismissed.

On July 28, 2011, the district court granted Horton's motion to dismiss, holding that the NHWA provided Gines's exclusive remedy against Horton, and that Gines's claims under the Act failed because Gines did not allege that the system caused physical damage to his home. Gines timely appealed, and now asks this court to reverse the district court's judgment.[1] In addition, Gines moves this court to certify the two questions of state law raised in this appeal to the Louisiana Supreme Court.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A.    Standard of Review

Dismissal of a complaint for failure to state a claim is reviewed de novo. *Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 386 (5th Cir. 2008). We "accept[ ] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and footnote omitted).

### B.    Applicable Law

When jurisdiction is based on diversity, we apply the substantive law of the forum state.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).  Louisiana law applies

---

[1] On April 10, 2012, Gines filed an unopposed motion to dismiss his appeal against the Reliant co-defendants.  This motion was granted on April 12, 2012.

3

in this case. "To determine Louisiana law, we look to the final decisions of Louisiana's highest court." *Holt*, 627 F.3d at 191 (citation omitted). "In the absence of a final decision by that court addressing the issue at hand, a federal court must determine, in its best judgment, how the state's highest court would resolve the issue if presented with it." *Id.* (citation omitted). In "making an *Erie*-guess in the absence of explicit guidance from the state courts, [this court] must attempt to predict state law, not to create or modify it." *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991) (citations and internal quotation marks omitted); *see also Cerda v. 2004–EQR1 L.L.C.*, 612 F.3d 781, 794 (5th Cir. 2010) ("In making an *Erie* guess, we defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the higher court of the state would decide otherwise.") (citation and internal quotation marks omitted). We are "not free to fashion new theories of recovery under Louisiana law." *Am. Waste,* 949 F.2d at 1386 (citation and internal quotation marks omitted).

### III. DISCUSSION

**A.    The Exclusivity of the NHWA's Remedies**

The NHWA's policy objective is to "promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana." La. Rev. Stat. Ann. § 9:3141. Section 9:3150 of the NHWA provides that the Act establishes "the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply."

Gines argues that the district court erred in ruling that the NHWA provides the sole remedy under Louisiana law for a purchaser of a new home with construction defects. Gines contends that the ruling below "essentially transformed the NHWA into a caveat emptor statute where the buyer has no

recourse for defective construction" that does not result in "actual physical damage." According to Gines, if the NHWA provides the only remedy for purchasers of new homes with construction defects, then the actual physical damage requirement "essentially eliminates a whole line of case law requiring, as a matter of public policy, [that] builders . . . complete residential housing in a workmanlike manner."

Horton agrees that the general rule implied in construction contracts is that the work will be free of defects and performed in a workmanlike manner, but Horton contends that the general rule is inapplicable in this case. Rather, in Horton's view, the NHWA provides "the exclusive remedies for claims regarding alleged defects to a new residence." According to Horton, "the breach of contract and implied warranty claims generally available in other construction contracts are not available under the NHWA."

In accordance with the statute's plain language, and as Gines concedes, the Louisiana Supreme Court has held that the NHWA provides a homeowner's exclusive remedy against a builder for defects in new home construction. In *Carter v. Duhe*, the Louisiana Supreme Court stated that "the NHWA provides the exclusive remedy between owners and new home builders." 921 So. 2d 963, 968 (La. 2006). In *Carter*, new homeowners argued that they should have been able to assert claims outside of the NHWA because their builder did not give them notice of the Act's requirements as required by law. *Id.* at 967. The *Carter* court held that the NHWA does not provide a penalty for failure of the builder to provide notice to homeowners. *Id.* at 968. Accordingly, it concluded that the builder did not waive the exclusivity provision of the NHWA, and it reinstated the trial court's dismissal of all non-NHWA claims. *Id.* at 969-71.

In *Marks v. New Orleans Police Department*, the Louisiana Supreme Court clarified that the rationale in *Carter* is not limited to disputes over the NHWA's notice provisions. 943 So. 2d 1028, 1035 (La. 2006). Although the facts of *Marks*

No. 12-30183

do not pertain to new home construction defects or the NHWA,[2] the *Marks* court confirmed that the holding in *Carter* was that "the NHWA provides the exclusive remedies, warranties, and peremptive periods between the builder and owner relative to new home construction." *Id.*

We further note that the six cases Gines cites to support his argument that he may bring a breach of contract claim against Horton are inapposite. Several of these cases involve construction not covered by the NHWA, such as defective driveways and sidewalks,[3] construction related to a waste water treatment plant,[4] new roof installation,[5] and home repairs.[6] One of the cases that Gines cites was decided before the NHWA was enacted,[7] and another involved a suit by the builder for costs not reimbursed or paid by the purchaser.[8] None of these cases carves out an exception to the Louisiana Supreme Court's holding that the NHWA provides a homeowner's exclusive remedy in cases such as this one. Gines therefore cannot bring a claim against Horton for breach of contract.

---

[2] *Marks* concerned a police officer who was suspended and terminated for misconduct after a sixty-day statutory period for conducting an investigation had lapsed. 943 So.2d at 1030. The reference to *Carter* arose in the court's discussion of statutes that contain mandatory language ("X is *required* to do Y") but lack corresponding penalty provisions to enforce their mandates. *Id.* at 1035-37.

[3] *Boudreaux v. Matherne*, No. 2010 CA 1996, 2011 WL 2023468 (La. App. 1st Cir. May 6, 2011) (unpublished).

[4] *City of Plaquemine v. N. Am. Constructors, Inc.*, 832 So. 2d 447 (La. App. 1st Cir. 2002).

[5] *Hai Nam Chinese Rest. P'ship v. B & B Const. of New Iberia*, 942 So. 2d 97 (La. App. 3rd Cir. 2006).

[6] *Troy v. Bretz*, 399 So. 2d 667 (La. App. 1st Cir. 1981).

[7] *Davidge v. H & H Constr. Co.*, 432 So. 2d 393 (La. App. 1st Cir. 1983).

[8] *Austin Homes, Inc. v. Thibodeaux*, 821 So. 2d 10 (La. App. 3rd Cir. 2002).

6

## B.     The Actual Physical Damage Requirement

"Unless the parties otherwise agree in writing," section 9:3144(B)(13) of the NHWA excludes from coverage under its warranties "[a]ny condition which does not result in actual physical damage to the home." La. Rev. Stat. Ann. § 9:3144(B)(13). We are asked to determine whether Gines was required to allege in his NHWA claims that the construction defect—the undersized air conditioning system—resulted in actual physical damage to his home.

Gines makes two arguments as to why his NHWA claims survive the motion to dismiss. First, Gines argues that section 9:3144(A)(2) of the NHWA carves out an exception to the actual physical damage requirement in section 9:3144(B)(13). Second, he argues that the actual physical damage requirement in section 9:3144(B)(13) is a default rule, and that the parties contracted around this requirement in paragraph 6 of the contract. We disagree.

### 1.     *Statutory Interpretation*

Gines argues that the district court erred in ruling that NHWA claims require a showing of actual physical damage because section 9:3144(A)(2) is not subject to this requirement. Section 9:3144(A)(2) provides that every builder warrants to the new homeowner that the "heating, cooling, and ventilating systems . . . will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards." Gines argues that this warranty exclusively covers heating and cooling defects, and that the district court incorrectly found that the actual physical damage requirement under section 9:3144(B)(13) reaches such defects.

In support of his conclusion, Gines advances a four-part argument that turns on several rules of statutory interpretation.

First, Gines notes that the specific controls the general in matters of statutory interpretation. *Oubre v. La. Citizens Fair Plan*, 79 So. 3d 987, 997 (La. 2011). Accordingly, he argues that section 9:3144(A)(2) is not subject to the

actual physical damage requirement in section 9:3144(B)(13) because the former section is more specific than the latter. This is incorrect. Section 9:3144(A) begins: "[s]ubject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner." The first line of subsection A indicates that its warranties are limited by the exclusions in subsection B. Section 9:3144(A)(2) thus merely provides the general conditions warranted under the NHWA, including the type and extent of defects for which a builder may be held responsible. In light of the opening clause, section 9:3144(B)(13) is correctly interpreted as a specific limitation on the conditions for which a builder may be held responsible. In other words, the warranties set forth under section 9:3144(A)(2), a general provision, are not available if the alleged defect does not cause actual physical damage under the specific limitation set forth under section 9:3144(B)(13).

Second, Gines notes that "the latest expression of the legislative will is considered controlling under Louisiana law." *Pumphrey v. City of New Orleans*, 925 So. 2d 1202, 1210 (La. 2006). Accordingly, Gines argues, the 1999 and 2003 amendments to the NHWA extended its warranties to cover any defect irrespective of building standards. This broad coverage, according to Gines, undercuts the district court's interpretation of the NHWA as requiring a showing of actual physical damage. This argument lacks merit. The 1999 amendment provided that the NHWA would control defect claims regardless of whether there is a building standard, and the 2003 amendment replaced the phrase "major structural defect" with "defect." La. Rev. Stat. Ann. §§ 9:3141, 9:3144(A)(2). Neither of these amendments concerns the physical damage exclusion, so neither should be understood to eliminate it.

Third, Gines argues that the NHWA must be strictly construed because it is penal. *Oubre*, 79 So. 3d at 997. Gines contends that the NHWA is a penal statute because it precludes him from enforcing a remedy to have his air

conditioning installed in a workmanlike manner in accordance with section 9:3144(A)(2). This argument is meritless. As we have discussed, section 9:3144(A)(2) is limited by the actual physical damage requirement in section 9:3144(B)(13). The fact that the district court dismissed Gines's claims because they did not satisfy the requirements of section 9:3144(B)(13) does not make the Act penal. Because the NHWA imposes no penalties on homeowners, it is not penal in nature, and therefore we do not strictly construe it.

Fourth, Gines argues that this court should not interpret the NHWA as requiring a claimant to allege actual physical damage because this would lead to absurd consequences. *See McLane S., Inc. v. Bridges*, 84 So. 3d 479, 483 (La. 2012). "[I]nterpretation of a law involves primarily a search for the legislature's intent." *Conerly v. State*, 714 So. 2d 709, 710 (La. 1998); *Ruiz v. Oniate*, 713 So. 2d 442, 444 (La. 1998); *see* La. Rev. Stat. Ann. § 1:4; La. Civ. Code art. 2. Because the language of the NHWA is unambiguous, we are compelled to enforce the legislature's intent by applying the statute as written, provided that this application does not lead to absurd consequences. La. Civ. Code. art. 9; *Conerly*, 714 So. 2d at 710-11; *Ruiz*, 713 So. 2d at 444.

Enforcing the actual physical damage requirement does not lead to absurd consequences. In requiring a builder to provide mandatory warranties, the NHWA also requires a new homeowner to show actual physical damage before permitting those warranties to provide a viable claim. Given that builders could otherwise contract around the warranties that the NHWA establishes as mandatory, this is a reasonable requirement. As Horton correctly argues, the district court's ruling squares with a plain reading of the statute as creating a *quid pro quo* between builders and owners. Because new homeowners and builders alike stand to benefit from the district court's interpretation of the NHWA, Gines's argument that this reading leads to absurd consequences fails.

*2.    The Contract of Sale*

Gines argues that he may assert a claim in contract against Horton because the actual physical damage requirement in section 9:3144(B)(13) is a default rule that the parties can contract around. He claims that the parties did so in paragraph 6 of the contract of sale, which provides:

> Seller agrees to build the house in accordance with industry standard building practices substantially in compliance with plans and specifications agreed to by Seller and Buyer as evidenced by customer selection sheet and customer change orders, if any.

Gines argues that the language in paragraph 6 creates an exception to the NHWA language requiring actual physical damage. Therefore, he concludes, the terms of this provision would allow for damages if Horton breaches the contract.

We need not reach this claim because Gines did not attach a copy of the contract to the original or amended complaint.[9] It is well-established that, in deciding whether to grant a motion to dismiss, a district court may not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). There is one recognized exception to that rule: a district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* This exception does not apply here because the only attachment to the motion to dismiss was Gines's affidavit. Thus, in granting the motion to dismiss, the district court did not need to address Gines's claims based on paragraph 6.

Had Gines attached a copy of the contract to the complaint, his argument regarding paragraph 6 still would be unavailing. The cited language does not indicate a waiver of the physical damage requirement—it merely sets forth Horton's agreement to build the house in accordance with agreed upon plans and

---

[9] The contract is in the record of this case, having been attached to Reliant's notice of removal, which Horton joined.

specifications. Moreover, paragraph 13 of the contract shows that Gines was aware of the absence of any such waiver in the contract. Paragraph 13 states:

> BUYER HAS BEEN PROVIDED A COPY OF THE LOUISIANA NEW HOME WARRANTY ACT (LA. REV. STAT. 9:3141, ET SEQ) AND HAS READ AND UNDERSTANDS THE PROVISIONS THEREOF. BUYER ACKNOWLEDGES THAT THE LOUISIANA NEW HOME WARRANTY ACT IS PROVIDED IN LIEU OF ALL OTHER WARRANTIES, ORAL AGREEMENTS, OR REPRESENTATIONS, AND SELLER [D.R. HORTON] MAKES NO WARRANTY, EXPRESSED OR IMPLIED, AS TO QUALITY, FITNESS FOR A PARTICULAR PURPOSE, MERCHANTABILITY, ABILITY OR OTHERWISE, EXCEPT AS IS EXPRESSLY SET FORTH IN THE LOUISIANA NEW HOME WARRANTY ACT.

This paragraph immediately precedes Gines's signature on the contract, and effectively refutes Gines's argument that he did not know of or understand the limitations set forth under the NHWA. It is well settled that a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read or understand it, or that the other contracting party failed to explain it to him. *Tweedel v. Brasseaux*, 433 So. 2d 133, 137 (La. 1983). On this point, Horton rightly concludes that Gines is bound by paragraph 13, which declares that the only warranties Horton made were those set forth in the NHWA.

The moral of this story is that in order to avoid the harsh result that has obtained here, the buyer of a newly constructed home in Louisiana should seek to obtain in the contract of sale an express waiver of the actual damage requirement of the NHWA.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment below. The motion to certify is DENIED.