# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2013

No. 12-20754
Summary Calendar

Lyle W. Cayce
Clerk

SUSAN FLANDER,

Plaintiff–Appellant

v.

KFORCE, INC.; ROBYN DYCK; JP MORGAN CHASE; JIM SYKES,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-00713

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff Susan Flander ("Flander") appeals the district court's dismissal of her claims against three defendants for failure to effect proper service and against one defendant for failure to state a claim. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Flander sought employment as a technical writer with JP Morgan Chase ("JPMC") through Kforce, Inc. ("Kforce"), an employment recruiter for JPMC.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20754

After receiving an initial offer from JPMC, Flander failed a background check due to an unresolved family-violence-related criminal charge filed against her. Robyn Dyck ("Dyck") of Kforce and Jim Sykes ("Sykes") of JMPC's security operations informed Flander that the offer of employment was revoked. Flander filed a Complaint against four defendants—Kforce, Dyke, JPMC, and Sykes[1]—in the U.S. District Court for the Northern District of Texas on February 21, 2012. Flander represented herself pro se, *in forma pauperis*.

In her Complaint, Flander alleged that Dyck and Sykes violated U.S. Department of Justice Order 556-73 by obtaining her prior arrest record. The Magistrate Judge had Flander complete a questionnaire concerning her allegations. In response to the questionnaire, Flander mentioned additional claims involving civil rights violations and a conspiracy to violate her civil rights under 42 U.S.C. §§ 1983, 1985, and 1986. Flander sought $100,000 in compensation and aimed "to achieve fair employment standards for women who have been victims of family violence regardless of conviction." In the questionnaire, Flander claimed that Dyck and Sykes violated her civil rights under Title VII of the Civil Rights Act of 1964. To the Equal Employment Opportunity Commission, Flander alleged gender discrimination, contending that each of the parties "considers me to be a threat because I am a female."

The case was transferred to the U.S. District Court in the Southern District of Texas, Houston Division on March 5, 2012. Flander's Complaint was not served upon any of the four defendants within the 120-day period required under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m). Nonetheless, on June 25, 2012, the Magistrate Judge issued an order directing Flander to

---

[1] We note that it is unclear whether Flander intended to assert claims against only the individuals Dyck and Sykes, or whether she intended to include their respective corporate entities as parties in the lawsuit as well. We will, however, consistent with the district court's determination, characterize the Complaint as bringing claims against four defendants.

properly serve defendants within fourteen days.  Flander failed to serve any of the four defendants within the allotted fourteen-day extension period.  On September 10, 2012, on behalf of Flander, the Magistrate Judge ordered the U.S. Marshals Service to serve parties described by Flander as "Kforce-Robyn Dyck" and "JPMorgan Chase-Jim Sykes" at two separate addresses provided by Flander.  No effective service was ever made to Sykes at JPMC because he did not work or reside at the address provided by Flander.  To date, neither JPMC nor Sykes has been served, and neither has made an appearance in the suit. Service of Dyck at the provided address was made on September 17, 2012—over six months after the cause of action was filed, and two months after the expiration of the fourteen-day extension provided by the Magistrate Judge.

On November 1, 2012, the Magistrate Judge issued a Memorandum and Recommendation concluding that: (1) Kforce, JPMC, and Sykes were not properly served (and that in the alternative, Flander failed to state a claim against them), (2) Flander failed to state a claim against Dyck, and (3) all of Flander's causes of action against the defendants should be dismissed with prejudice under 28 U.S.C. § 1915 because of their frivolous nature.  After Flander filed numerous additional motions and documents, the court issued an order on November 2, 2012, enjoining Flander from any additional filings not related to the Magistrate's then-pending memorandum and recommendation. On November 19, 2012, the district court adopted the Magistrate Judge's memorandum and recommendation and dismissed the case with prejudice. Flander timely filed her Notice of Appeal.

## II. ANALYSIS

### 1. Failure to Effect Proper Service Against Kforce, JPMC, and Sykes

*a. Standard of Review*

This Court reverses the district court's dismissal for failure to effect proper service only when the district court has abused its discretion.  *Young v. City of*

No. 12-20754

*Hous.,* 471 F. App'x 389, 390 (5th Cir. 2012) (unpublished) (per curiam); *Lindsey v. U.S. R.R. Ret.Bd.*, 101 F.3d 444, 445 (5th Cir. 1996).

### b. Kforce

The district court did not err in dismissing Flander's claim against Kforce for insufficient service of process. The Federal Rules of Civil Procedure provide that a corporation must be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following the dictates of applicable state law regarding service of an individual. Fed. R. Civ. P. 4(h)(1)(B), 4(e)(1); *see also* R. 12(b)(5).

Flander never effected proper service on Kforce. Flander's summons was directed to "Kforce-Robyn Dyck." However, the two are separate parties. Based on Flander's summons, the U.S. Marshals Service served only Robyn Dyck, who was not an officer or agent authorized by appointment or law to receive service of process on behalf of Kforce. Kforce designated CT Corporation of Dallas, Texas as its registered agent for service in Texas. Dyck served as a "talent manager" at Kforce and recruited potential employees on behalf of Kforce's clients. In sum, Kforce was never properly served, much less within the fourteen-day deadline specified by the district court.

Pro se parties have received some leeway with regard to service deadlines and procedures. *E.g.*, *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987) (holding that a faultless pro se litigant will not be penalized for mistakes made by U.S. Marshals during service). However, it is within the discretion of the court to dismiss a pro se plaintiff's cause of action when the plaintiff's own carelessness contributed to the failure of service, *id.*, or where the plaintiff cannot show good cause for failure to meet deadlines for service, *Sys. Signs Supplies v. U. S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (finding no abuse of discretion in dismissal of pro se plaintiff's case for failure to effect

service, even though plaintiff made good faith efforts to serve defendants). It follows that the district court did not abuse its discretion in dismissing Flander's claim against Kforce for failure to effect service.

### c. JPMC and Sykes

The district court, adopting the Magistrate Judge's memorandum and recommendation for dismissal, found that JPMC and Sykes were not served. The Magistrate Judge reminded Flander on June 25, 2012, of her obligation to serve defendants and gave her additional time to effect proper service. Despite these allowances, JPMC and Sykes have not been served to date and have not made an appearance in the suit. Thus, the district court did not abuse its discretion in dismissing Flander's claims against JPMC and Sykes for failure to serve. Fed. R. Civ. P. 4(m).

## 2. Failure to State a Claim Against Dyck

### a. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). We review such a dismissal de novo. *Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 386 (5th Cir. 2008). All well-pleaded facts must be accepted as true and should be viewed "in the light most favorable to the plaintiff." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To withstand a motion to dismiss, a complaint must contain enough facts to state a claim to relief that is plausible on its face. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

### b. Discussion

Flander's cause of action against Dyck was correctly dismissed for failure to state a claim upon which relief may be granted. Dyck was served well after the close of the initial 120-day window for service and the fourteen-day deadline

extension for service provided by the Magistrate Judge.  However, the district court did not dismiss based on failure to effect proper service, but instead dismissed Flander's cause of action against Dyck for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  We do the same.

Flander's Complaint states only one claim: that Dyck violated U.S. Department of Justice ("DOJ") Order 556-73 by obtaining and reviewing Flander's criminal history.  However, this DOJ Order merely provides procedures for subjects of FBI Identification Records to obtain copies of their *own* records, and has no application to records obtained by others for the purpose of employment screening.  28 C.F.R. § 16.30.  Moreover, Flander has not alleged a meaningful connection between Dyck (employed by Kforce) and JPMC's review of Flander's background or even that Dyck ever accessed the background check or knew the precise reason Flander failed it.

In responding to the questionnaire from the Magistrate Judge, Flander made several other claims under federal statutes and acts.  Under each of these theories of recovery, Flander fails to state a claim upon which relief may be granted, as detailed in the Magistrate Judge's memorandum and recommendation and adopted in full by the district court in dismissing the case.

The first purported violation is of 42 U.S.C. § 1983.  As noted by the Magistrate Judge, this statute applies only to state actors.  42 U.S.C. § 1983; *Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 886 (5th Cir. 2012) (en banc) (Weiner J., dissenting).  Flander cannot establish that Dyck, a talent recruiter working for a private company, was a state actor.

Flander also contends that Dyck engaged in a conspiracy to violate her civil rights under 42 U.S.C. § 1985.  However, Flander has alleged no facts to demonstrate that Dyck entered into a conspiracy against Flander, much less one based upon her gender.  If Flander means to allege that defendants discriminated against her because of her past criminal charges, this argument

fails because under Section 1985 "[a] plaintiff must show membership in some group with inherited or immutable characteristics . . . or that the discrimination resulted from the plaintiff's political beliefs or associations." *Galloway v. Louisiana*, 817 F.2d 1154, 1159 (5th Cir. 1987). Flander filed a related claim alleging Dyck had knowledge of and neglected to prevent a conspiracy against her, in violation of 42 U.S.C. § 1986. In the absence of a viable claim under § 1985, no claim under § 1986 will stand. *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (noting a viable claim under § 1986 requires a similarly viable claim under Section 1985).

Flander also contends that Dyck engaged in sexual discrimination against her in violation of Title VII of the Civil Rights Act of 1964. However, Flander alleges no facts demonstrating that Dyck's actions were motivated by Flander's gender. Finally, Flander's contention that Dyck retaliated against her also fails to state a claim by failing to demonstrate that Flander engaged in a protected activity.

Kforce requested that this Court award damages and costs and bar Flander from filing further actions absent express permission from the Fifth Circuit. While Flander filed two other related suits on the same day as the present claim, all stemmed from the single incident of her denial of employment. We decline to bar Flander from filing additional suits and decline Kforce's request for costs and fees.

## III. CONCLUSION

For the reasons discussed above, we AFFIRM the district court's dismissal of the plaintiff's claims.