# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2013

No. 12-20604

Lyle W. Cayce
Clerk

PETE GONZALEZ,

Plaintiff - Appellant,

v.

AZTEX ADVANTAGE, AUTOZONE TEXAS OCCUPATIONAL INJURY
BENEFIT PLAN; SEDGWICK CLAIMS MANAGEMENT SERVICES,
INCORPORATED; AUTOZONERS, L.L.C.;

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-4054

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Pete Gonzalez ("Gonzalez") appeals the district court's grant of
Aztex Advantage ("Aztex"), Sedgwick Claims Management Services
("Sedgwick"), and AutoZoners, L.L.C.'s ("Autozone") (collectively, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-20604

"Defendants") motion to dismiss and motion for summary judgment. We AFFIRM.

## I. Factual and Procedural History

Gonzalez alleges he sustained injuries and incurred substantial medical bills when he slipped[1] on an oil spill while working at AutoZone.  As a nonsubscriber under Texas's workers' compensation insurance statute, AutoZone provides benefits for work-related injuries through the Aztex Texas Occupational Injury Benefit Plan (the "Plan"), which is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

Gonzalez applied for benefits under the Plan.  Sedgwick, which administers the Plan, sent Gonzalez a letter denying his claim because: (1) he failed to report his injury within twenty-four hours of sustaining it,[2] and (2) he failed to see an approved medical provider for his injuries.  Gonzalez appealed the denial of benefits, but the Plan's appeals committee affirmed the denial on the ground that the appeal had not been timely filed.

Gonzalez filed this suit, alleging the plan administrator improperly denied his claim, and seeking relief under 29 U.S.C. § 1132(a)(1), (3) and  28 U.S.C. §§ 2201, 2202, as well as attorneys' fees under 29 U.S.C. § 1132(g).  The Defendants filed a motion to dismiss, which Gonzalez's attorney responded to by stating that Gonzalez did "not object" to the dismissal of his equitable relief claim under § 1132(a)(3).  The district court granted the motion to dismiss on the § 1132(a)(3) claim only, stating that the dismissal was "by agreement" and that Gonzalez had abandoned the claim.

After discovery, the district court granted the Defendants' motion for summary judgment on the remaining claims.  Gonzalez subsequently filed a

---

[1] It is unclear whether Gonzalez slipped and fell or merely twisted his back.

[2] Gonzalez alleges that he informed his employer of the incident immediately, both verbally and in writing, but his supervisor claims that she did not learn of the injury until more than a month later.

No. 12-20604

motion to withdraw his non-objection to the dismissal of his § 1132(a)(3) claim, as well as a motion under Federal Rules of Civil Procedure 59(e) ("Rule 59(e)") and 60(b)(6) ("Rule 60(b)(6)") to alter or amend the court order.  The district court denied these motions, and Gonzalez appealed.

## II. Discussion

### A. Dismissal of Claims Under 29 U.S.C. § 1132(a)(3)

"Dismissal of a complaint for failure to state a claim is reviewed de novo." *Gines v. D. R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (citation omitted). We "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* "In considering a motion to dismiss, a court ordinarily must limit itself  to the contents of the pleadings and attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

We generally review motions under Rules 59(e) and 60(b)(6) for abuse of discretion. *See Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002); *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citation omitted).

Gonzalez argues that under the Supreme Court's decision in *Cigna Corp. v. Amara*, 131 S.Ct. 1866 (2011), he should be allowed to proceed with an equitable remedy, despite agreeing to the dismissal of his § 1132(a)(3) claim based upon what he now contends was a misunderstanding of the law.[3]  We conclude that the district court properly construed Gonzalez's non-objection as an agreement to dismiss his claim or an abandonment of his claim. *Martin v.*

---

[3] Because we determine that the district court properly concluded that Gonzalez abandoned his equitable remedy claim and properly denied his motion to withdraw his non-objection, we need not decide whether *Amara* would have entitled Gonzalez to any relief.

No. 12-20604

*Morgan Drive Away, Inc.*, 665 F.2d 598, 601–02 (5th Cir. 1982) (holding that where a plaintiff does not object to his dismissal as an individual, the plaintiff has abandoned his individual claim and can only proceed on group claims); *see also Alvarado v. Mar. Overseas Corp.*, 528 F.2d 605, 606 (5th Cir. 1976) (holding that where a defendant does not object to the plaintiff's motion to dismiss without prejudice, it is dismissed by agreement). Therefore, the district court properly granted the Defendant's motion to dismiss.

Gonzalez also argues that the district court erred in denying his motion to withdraw his non-objection[4] and his Rule 59(e) and 60(b)(6) motions, which sought to alter or remove his prior non-objection to the motion to dismiss and reinstate his equitable claim. To get relief under Rule 59(e), Gonzalez must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citation and internal quotation marks omitted). Rule 60(b)(6) also permits a litigant to obtain relief from final judgment. However, it is appropriate "only if extraordinary circumstances are present." *Hesling*, 396 F.3d at 642 (citation and internal quotation marks omitted). "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir. 1983) (citation and quotation marks omitted).

---

[4] Gonzalez does not specify under which rule he filed this motion. However, all post-judgment motions that call into question the correctness of the judgment and are served within twenty-eight days of judgment's entry are treated as Fed. R. Civ. P. 59(e) motions; all other motions are treated as a Rule 60(b) motion. FED. R. CIV. P. 59(e); *see also Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir. 1986) (holding that all post-judgment motions are rule 59(e) motions provided they fall within the timing limitations). Because the motion to withdraw was filed within the 28-day deadline, it will be evaluated as a Rule 59(e) motion.

No. 12-20604

Importantly, Rules 59(e) and 60(b)(6) do not provide Gonzalez relief from judgment simply because "hindsight seems to indicate to him that, as it turns out his decision was probably wrong." *In re Pettle*, 410 F.3d 189, 193 (5th Cir. 2005) (citation and internal quotation marks omitted) (rejecting a Rule 60(b)(6) claim where the appellant voluntarily requested dismissal of his case "without fully understanding the consequences of his decision"). Moreover, ignorance of the law is not sufficient for granting a Rule 60(b)(6) motion. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).

Gonzalez has failed to demonstrate that there was an intervening change in the law that would warrant extraordinary relief; *Amara* was not intervening. Nor has he demonstrated that manifest injustice would result from denying his motions. Therefore, the district court did not abuse its discretion in denying Gonzalez's motion to withdraw his non-objection or alternately re-instate his claim.[5]

B. Summary Judgment of 29 U.S.C. § 1132(a)(1) Claims

We review a district court's grant of summary judgment de novo, "applying the same standards as the district court." *Corry v. Liberty Life Assur. Co. of Boston*, 499 F.3d 389, 397 (5th Cir. 2007) (citation omitted). The plan administrator's determinations are reviewed for abuse of discretion if, as here, the plan provides the administrator with discretion to determine eligibility for benefits and to construe the terms of the plan.[6] *Id.*

---

[5] Gonzalez also makes a claim for civil penalties under 29 U.S.C. § 1132(c). This claim is waived because it is raised entirely in the footnotes, and its merits are not properly argued. *See Bridas SAPIC v. Gov't of Turkemistan*, 345 F.3d 347, 356 n.7 (5th Cir. 2003) (citation omitted).

[6] The Plan in question grants discretion to the administrator and appeals committee: Subject to the Plan claims procedures, the Claims Administrator and Appeals Committee *shall have discretionary and final authority to interpret and implement the provisions of the Plan*, including, but not limited to, making all factual and legal determinations, correcting any defect, reconciling any

No. 12-20604

We require "that claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits" under § 1132(a)(1).[7] *Bourgeois v. Pension Plan for Emp. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000) (citation omitted). In order to exhaust remedies, Gonzalez needed to appeal the termination of his benefits within 180 days of receipt of the notice denying his benefits. *See Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018 (5th Cir. 2009) (holding that a plaintiff did not exhaust administrative remedies where she failed properly to raise her appeal within the 180 days required by the plan). Here, the appeals committee determined that Gonzalez's appeal was overdue and that Gonzalez did not provide any reason justifying his delay. Although Gonzalez asserts on appeal that he did not timely receive the notice, this argument was not presented to the plan administrator, and therefore, we cannot say that the plan administrator abused its discretion in denying Gonzalez's claim. *Id.* at 1019.

Gonzalez argues on appeal that his failure to exhaust should be waived because exhaustion would be futile in light of the "hostile and bitter" treatment he received from the plan administrator. *See Bourgeois*, 215 F.3d at 479. However, Gonzalez fails to provide any evidence that the committee was "hostile or bitter" towards him. *See Denton v. First Nat. Bank of Waco*, 765 F.2d 1295, 1302 (5th Cir. 1985) (holding that the plaintiff could not establish futility without providing evidence of hostility). Therefore, Gonzalez cannot show that his failure to exhaust his procedural remedies should be excused.

---

inconsistency and supplying any omission, and making any and all determinations that may impact a claim for benefits hereunder.

[7] Although the district court did not specifically grant summary judgment on exhaustion of administration remedies, "we may affirm the district court's ruling on any grounds supported by the record." *Lifecare Hosp., Inc. v. Health Plus of La., Inc.*, 418 F.3d 436, 439 (5th Cir. 2005) (citation omitted).

No. 12-20604

Gonzalez further argues that his failure to exhaust his remedies should be excused because he was not provided with a summary plan description ("SPD"). While we provided limited relief in *Bourgeois* to a plaintiff who was not provided an SPD, the facts in this case are distinguishable. 215 F.3d at 479–82. In *Bourgeois*, the only way that the plaintiff could have found the address of the appeals committee was through the SPD. *Id.* at 480–81. That is not the case here because the notice of denial provided to Gonzalez clearly stated where he should address his appeal. *Bourgeois* does not aid Gonzalez. *See Swanson*, 586 F.3d at 1019 (holding that where notice on when and how to appeal is adequately provided for by the notice of denial, estoppel will not apply).

Gonzalez has not exhausted his administrative remedies. *Id.* 1018–19 (rejecting claim that beneficiary filed a timely appeal and concluding, therefore, that the defendant's defense of exhaustion of remedies was valid). Therefore, the district court did not err in granting summary judgment.[8]

AFFIRMED.

---

[8] Gonzalez also claims that Defendants breached their fiduciary duties. Breach of fiduciary duty claims are not barred by exhaustion. *See Milofksy v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006). However, after being ordered to file an amended complaint re-pleading his ERISA claims with specificity, Gonzalez dropped his breach of fiduciary duty claim in his Fourth Amended Complaint and did not seek to reassert it; accordingly, this claim is waived. *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009) (arguments "not raised before the district court are waived"); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect."). Gonzalez also waived his appeal of the declaratory judgment ruling because he only provides two conclusory sentences requesting relief on appeal. *See Becker v. Tidewater, Inc.*, 335 F.3d 376, 394 (5th Cir. 2003) (holding that an appellant waives an issue on appeal when he "devotes only one paragraph to the issue and presents little, if any, in the way of argument"). In any event, Gonzalez is not entitled to declaratory relief because he has not presented sufficient evidence that the provisions on which the original denial of benefits were grounded (the twenty-four hour notice requirement and the pre-approved medical provider requirement) were unreasonable. Gonzalez is similarly not entitled to attorney fees because he did not have "some degree of success on the merits" sufficient to recover attorneys' fees. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010).