JAMES E. GRAVES, JR., Circuit Judge,
dissenting.
The majority opinion, like others before it, assumes that the Texas Citizen Participation Act (TCPA) “do[es] in fact apply in federal court.” See, e.g., Culbertson v. Lykos, 790 F.3d 608, 631 (5th Cir.2015) (“We have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability.”). But, since the panel is applying the TCPA to Cuba’s claims, we should begin by invoking Erie to determine whether we have the authority to do so. Because I conclude that the TCPA is not applicable in federal court, I respectfully dissent.[1]
I.
Federal courts sitting in diversity apply state substantive law rather than federal common law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In other words, federal courts apply state common law but federal procedural rules. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); Hanna v. Plumer, 380 U.S. 460, 468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); Foradori v. Harris, 523 F.3d 477, 486 (5th Cir.2008).
*719 We apply a multi-step inquiry when performing an Erie analysis. Hanna, 380 U.S. at 461-62, 85 S.Ct. 1136. First, it must be determined whether the statute is procedural or substantive. State procedural statutes may not be applied in'federal courts. Erie, 304 U.S. at 78, 58 S.Ct. 817. State substantive rules must be applied, but before doing so, we move to the second step to decide whether the state law conflicts with federal procedural rules; if so, then the federal rule applies. All Plaintiffs v. All Defendants, 645 F.3d 329, 333 (5th Cir.2011). If, however, the rule does not conflict with federal procedural rules, then we “wade into the murky waters of Eñe itself’ and determine whether application of the statute serves Erie’s twin aims of “discouragement of forum-shopping and avoidance of inequitable administration of the laws.” Id. at 333-36. In short, “we should not apply a state law or rule if (1) a Federal Rule of Civil Procedure ‘answer[s] the same question’ as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act.” Abbas v. Foreign Policy Grp., LLC, 783 F.3d 1328, 1333 (D.C.Cir.2015) (quoting Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 398, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010)).
II.
Applying an Eñe analysis, I conclude that the TCPA is procedural and must be ignored. The TCPA is codified in the Texas Civil Practice and Remedies Code, provides for a pre-trial motion to dismiss claims subject to its coverage, establishes time limits for consideration of such motions to dismiss, grants a right to appeal a denial of the motion, and authorizes the award of attorneys’ fees if a claim is dismissed. This creates no substantive rule of Texas law; rather, the TCPA is clearly a procedural mechanism for speedy dismissal of a meritless lawsuit that infringes on certain constitutional protections. See, e.g., Abbas, 783 F.3d at 1333. Because the TCPA is procedural, I would follow Eñe’s command and apply the federal rules.
III.
A.
Assuming, however, that the TCPA is substantive, then it still must yield to federal law because it directly conflicts with the Federal Rules of Civil Procedure. To survive a TCPA motion to dismiss, plaintiffs must provide “clear and specific evidence” for each element of a prima facie case. Tex. Civ. Prac. & Rem.Code § 27.005(c). This mandate requires evidence that is “unambiguous, sure, or free from doubt,” “explicit or relating to a particular named thing,” and that “supports] a rational inference that the allegation of fact is true.” In re Lipsky, 460 S.W.3d 579, 590 (Tex.2015). This may be done through examinátion of the pleadings, supporting and opposing affidavits, and if granted by motion, limited discovery. Tex. Crv. Prac. & Rem.Code § 27.006. Although there is no precise definition of clear and specific evidence, the Texas Supreme Court has made clear that it lies somewhere between Texas’s pleading standard and the evidentiary standard necessary to prevail at trial. In re Lipsky, 460 S.W.3d at 591.
This obviously conflicts with Rule 12. To overcome a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a claim that is plausible on its face. Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc., 567 F.3d 182, 184 (5th Cir.2009). “[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.” Leal v. McHugh, 731 F.3d 405, 413 (5th Cir.2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, *720 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (emphasis added). This is a clear conflict with the TCPA’s requirement that the evidence be “unambiguous, sure, or free from doubt.” Additionally, courts need not, when applying Rule 12, determine if the evidence supports a rational inference that the allegations are true. Instead, courts must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Gines v. D.R. Horton, Inc., 699 F.3d 812, 816 (5th Cir.2012). Most importantly, Rule 12 assesses the sufficiency of a claim prior to discovery. Yet, the TCPA allows for “specified and limited discovery relevant to the motion.” Tex. Civ Prac. & Rem.Code § 27.006.
The TCPA similarly conflicts with Rule 56. Rule 56 permits summary judgment “if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.CivP. 56(a). The TCPA, however, requires more than a determination that there are no disputed facts that would allow the court to decide the claims as a matter of law; it requires evidence showing the allegations are in fact true. Moreover, Rule 56 places the initial burden on the moving party and then shifts the burden to the nonmoving party to show that there is a dispute that merits trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Davis v. Fort Bend Cnty., 765 F.3d 480, 484 (5th Cir.2014). In contrast, the TCPA does not require the moving party to proffer reasons why the claims should be dismissed. Instead, it requires the moving party to show that the plaintiffs claims arise from the defendant’s exercise of a protected right within the statute’s coverage, after which the burden is placed on the non-moving party to show that their claims should proceed. Tex. Civ. Prac. & Rem.Code § 27.005(b).
There is no doubt that the TCPA directly conflicts with the “integrated program of pre-trial ... [federal] procedures designed to ensure the just, speedy, and inexpensive determination of every action and proceeding.” Makaeff v. Trump Univ., LLC, 715 F.3d 254, 274 (9th Cir.2013) (Kozinski, C.J. concurring) (internal quotations and citations omitted). Therefore, the TCPA may not be applied as long as Rules 12 and 56 do not violate the Rules Enabling Act.
B.
The Rules Enabling Act authorized the Supreme Court “to promulgate rules of procedure subject to its review, but with the limitation that those rules shall not abridge, enlarge or modify any substantive right.” Shady Grove, 559 U.S. at 407, 130 S.Ct. 1431 (internal quotations and citations omitted) (plurality opinion of Scalia, J.). To be valid, these rules must truly regulate “ ‘the judicial process for enforcing rights.and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.’ ” Id. (quoting Sibbach v. Wilson & Co., 312 U.S. 1, 14, 61 S.Ct. 422, 85 L.Ed. 479 (1941)). Therefore, a federal procedural rule is lawful as long as it governs the process by which substantive rights are enforced. Id.
There is no doubt that Rules 12 and 56 are properly promulgated under the Rules Enabling Act. Both rules present mechanisms for dismissing claims prior to trial. I see no reason to depart from the sound conclusions of every federal court that has considered this question and determined that Rules 12 and 56 are valid procedural rules. See, e.g., Shady Grove, 559 U.S. at 404, 130 S.Ct. 1431; Abbas, 783 F.3d at 1337.
*721 IV.
In sum, the TCPA is procedural and we may not apply it when sitting in diversity. Even if, however, it could be said that the TCPA is substantive, then there is no doubt that it must yield to the Federal Rules of Civil Procedure because it directly conflicts with the pre-trial dismissal mechanisms of Rules 12 and 56.
I respectfully dissent.

. Our sister circuits that have considered this issue have split, with some deciding that federal courts may apply Anti-SLAPP statutes, Godin v. Schencks, 629 F.3d 79 (1st Cir.2010); United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963 (9th Cir.1999), and others deciding that we may not, Abbas v. Foreign Policy Grp., LLC, 783 F.3d 1328 (D.C.Cir.2015); Makaeff v. Trump Univ., LLC, 715 F.3d 254, 272 (9th Cir.2013) (Kozinski, J. concurring) (calling into question the Ninth Circuit’s holding in Newsham).