# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30463
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

MARTY J. HEBERT,

Plaintiff-Appellant

v.

STATE OF LOUISIANA,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CV-1620

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Marty J. Hebert, Louisiana prisoner # 368170, is serving a life sentence, which was imposed following his jury trial conviction of second degree murder. He appeals the district court's dismissal, for failure to state a claim on which relief may be granted, of his request for a writ of mandamus. Hebert, who contends that the doctor who conducted an autopsy of the decedent gave false and misleading testimony, requested that the district court order the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30463

Louisiana trial court to provide him a copy of the transcript of the doctor's grand jury testimony.

We review de novo the dismissal of an action for failure to state a claim. *See Emps.' Ret. Sys. v. Whole Foods Mkt., Inc.,* 905 F.3d 892, 899 (5th Cir. 2018). A district court should dismiss a case for failure to state a claim where the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (internal quotation marks and citation omitted).

Hebert contends that the doctor changed his autopsy findings to fit the prosecution's theory of the case, violating his right to a fair trial, and that his indictment was secured based on the doctor's false and misleading grand jury testimony. Noting that he needs the grand jury transcript to attack his conviction, Hebert argues that the state trial court improperly denied his transcript request. He contends that the state court's refusal to order that he be provided a copy of the grand jury transcript violates his constitutional rights, and he maintains that such a constitutional violation can be corrected via federal mandamus relief.

"[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). The district court therefore lacked the authority to compel the state court to provide the relief that Hebert requested. *See id.* Therefore, the district court did not err in dismissing the action for failure to state a claim. *See Bell Atl. Corp.*, 544 U.S. at 570.

AFFIRMED.